UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:13-cv-00992-KBJ |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF JUSTICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF JOHN DOE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff John Doe, through counsel HANNON LAW GROUP, respectfully presents this memorandum in support of his Motion for Partial Summary Judgment.

**INTRODUCTION**

Plaintiff John Doe was an Assistant United States Attorney (AUSA) in a United States Attorney's Office (USAO) until January 16, 2009, when he was removed for "failure to maintain a qualification for your position" and "posing an operational security risk to the office." Doe appealed his removal, alleging retaliatory discrimination, to the Merit Systems Protection Board (MSPB), which conducted administrative hearings on August 25-27 and October 14, 2009. The administrative judge upheld John Doe's removal.

Doe then filed a petition for review of the initial MSPB decision by the MSPB full Board. In its opinion of August 9, 2012, the Board vacated the original decision because DOJ had failed to afford John Doe an appeal to DOJ's Access Review Committee (ARC) before removing him. However, the MSPB wrongly remanded the matter to DOJ for ARC review, rather than reinstating John Doe with benefits. This remand decision of the MSPB is the subject of John

1

Doe's appeal to this Court. Doe argued to the MSPB that remand to DOJ was improper as a matter of law, and filed two Motions for Reconsideration and to Reopen which MSPB did not grant. Doe argued that the MSPB was required by statute to reverse his removal and reinstate him as a result of the error it identified in the DOJ process.

On September 12, 2012, Doe petitioned the Court of Appeals for the Federal Circuit to review the decision of the MSPB Board, moving for a stay of the MSPB Board Order, or in the alternative, seeking a writ of mandamus. On May 3, 2013, the Court of Appeals for the Federal Circuit transferred the case to this Court, citing lack of jurisdiction under 28 U.S.C. § 1631 and pursuant to the Supreme Court's recent decision in *Kloeckner v. Solis*, 133 S. Ct. 596 (2012).

After transfer, Plaintiff filed his mixed-case Complaint now before this Court on October, 10, 2013. Plaintiff John Doe now moves for Summary Judgment on Count One of the Complaint. John Doe alleges that the MSPB is required to reinstate him because DOJ's removal of him was "not in accordance with the law" under 5 U.S.C. § 7701(c)(2)(C).

## ARGUMENT

This Court sits as an appellate court in reviewing decisions of the MSPB. Pursuant to 5 U.S.C. § 7703, Plaintiff petitioned the Court of Appeals for the Federal Circuit for review of MSPB's decision in September 2012. However, in December of 2012, the Supreme Court issued its opinion in *Kloeckner v. Solis*, 133 S. Ct. 596 (2012), which held that District Court is the proper forum for mixed case appeals involving both employment action appealable from the MSPB and claims of discrimination.

In light of that decision, the Court of Appeals for the Federal Circuit transferred the case to this District Court under 28 U.S.C. § 1631, which states that a court lacking jurisdiction shall, if it is in the interest of justice, transfer the civil action or appeal to any court in which it may

have been brought. Here, the Court of Appeals for the Federal Circuit transferred the appeal to the United States District Court for the District of Columbia.

Decisions of the Merit Systems Protection Board are subject to the standard of review articulated in 5 U.S.C. § 7703:

> **§ 7703(c). Judicial review of decisions of the Merit Systems Protection Board**
>
> In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be--
>
> **(1)**   arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> **(2)**   obtained without procedures required by law, rule, or regulation having been followed; or
>
> **(3)**   unsupported by substantial evidence;
>
> except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.

The statute does not incorporate the recent decision of *Kloeckner,* and mentions only the Court of Appeals for the Federal Circuit. However, the standard of review prescribed should also apply to the District Court while acting in a similar appellate capacity.

**I.   MSPB'S DECISION TO REMAND WAS NOT IN ACCORDANCE WITH THE LAW UNDER 5 U.S.C. § 7701(c)(2)(C), AND ENTITLES PLAINTIFF TO SUMMARY JUDGMENT ON THAT CLAIM**

Defendant MSPB mischaracterized the legal nature of the error committed by the DOJ when it concluded that the "agency's procedural error does not warrant reversal of an employee's removal unless the employee has shown that the error was harmful under 5 U.S.C. § 7701(c)(2)(A)." MSPB Board Order, ¶31. The error found by the MSPB is an error of constitutional law which requires reversal of the agency termination decision and reinstatement

3

of John Doe with benefits and attorney's fees.

Title 5 U.S.C. § 7701(c)(2)(A), relied on by the MSPB in its remand decision, is not the proper prong to evaluate DOJ's error.  Rather, 5 U.S.C. § 7701(c)(2)(C) properly applies to the error, as the error of DOJ was a constitutional error of law.  "[T]he agency's decision may not be sustained under subsection (b) of this section if the employee or applicant for employment shows that the decision was not in accordance with the law."  The MSPB clearly found that DOJ committed an error of law when it failed to accord John Doe the constitutional procedures codified by DOJ after issuance of Executive Order 12968.  That Order, issued by President Clinton in 1995, requires a uniform Federal personnel security program for employees who will be considered for initial or continued access to classified information.  Title 28 C.F.R. § 17 incorporates the order as applicable to policies and procedures of the United States Department of Justice with regard to personnel access to classified information, and in particular states that "[t]he Access Review Committee (ARC) is hereby established to review <u>all appeals</u> from denials or revocations of eligibility for access to classified information under Executive Order 12968.  Unless the Attorney General requests recommendations from the ARC and personally exercises appeal authority, the ARC's decisions shall be final."  28 C.F.R. § 17.15 (emphasis added).

In the case of John Doe, the MSPB acknowledged this body of law as the basis for its conclusion "that where, as here, a component of the Department of Justice terminates an employee's eligibility for access to classified information, the Department's own rules provide for a right of review before the ARC," and further "find[s] that the appellant had a right to ARC review under a plain reading of Exec. Order No. 12,968 and 28 C.F.R. part 17."  MSPB Board Order, ¶30.  It bears emphasis here that "the Department's own rules" are not simply office policies promulgated by DOJ's human resources or information technology departments.

Rather, they reflect DOJ's adoption of Executive Order 12968 and 28 C.F.R. § 17.

Consequently, the MSPB wrongly characterized the agency error as a procedural error under 5 U.S.C. § 7701(c)(2)(A), without recognizing that the agency error is more accurately described by the alternative prong of subsection 7701(c)(2)(C) that prohibits agency actions "not in accordance with law."

While the MSPB may be prohibited from reviewing agency actions on their merits when security clearances are involved, in light of *Dep't of Navy v. Egan*, 484 U.S. 518 (1988),[1] it is within the purview of MSPB to measure the constitutional adequacy of agency adherence to its own removal procedures. *See Romero v. Dep't of Def.,* 527 F.3d 1324 (Fed. Cir. 2008). Where the agency fails to follow its own procedures, it has engaged in legal error which requires reversal without the necessity of fact-finding on whether the error was harmful.

In the seminal case of *Vitarelli v. Seaton*, 359 U.S. 535 (1959), the Secretary of the Interior removed a government employee based on concerns of national security as a basis for that removal. The Supreme Court held that the agency, by invocation of national security concerns, was obligated to afford certain procedures to the employee which were not afforded. The failure to follow these procedures constituted constitutional error. In the opinion of the Court, Justice Harlan wrote that:

> Preliminarily, it should be said that departures from departmental regulations in matters of this kind involve more than mere consideration of procedural irregularities. For in proceedings of this nature, in which the ordinary

---

[1] "An employee who is removed for "cause" under § 7513, when his required clearance is denied, is entitled to the several procedural protections specified in that statute. The Board then may determine whether such cause existed, whether in fact clearance was denied, and whether transfer to a nonsensitive position was feasible. Nothing in the Act, however, directs or empowers the Board to go further. *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988).

5

> rules of evidence do not apply, in which matters involving the disclosure of confidential information are withheld, and where it must be recognized that counsel is under practical constraints in the making of objections and in the tactical handling of his case which would not obtain in a cause being tried in a court of law before trained judges, scrupulous observance of departmental procedural safeguards is clearly of particular importance. In this instance an examination of the record, and of the transcript of the hearing before the departmental security board, discloses that petitioner's procedural rights under the applicable regulations were violated in at least three material respects in the proceedings which terminated in the final notice of his dismissal.
>
> \* \* \* \* \*
>
> Because the proceedings attendant upon petitioner's dismissal from government service on grounds of national security fell substantially short of the requirements of the applicable departmental regulations, we hold that such dismissal was illegal and of no effect.
>
> \* \* \* \* \*
>
> It follows from what we have said that petitioner is entitled to the reinstatement which he seeks, subject, of course to any lawful exercise of the Secretary's authority hereafter to dismiss him from employment in the Department of the Interior.

*Id*. at 540-46.  Likewise, John Doe must be reinstated because of the underlying error of law.

The rationale of the Supreme Court holding still resounds consistently in precedential holdings of the Court of Appeals for the Federal Circuit, the body charged with adjudicating appeals from most MSPB decisions.  The Federal Circuit has consistently held that the "harmless error" standard does not apply in cases where a right has been denied.  In *Stone v. FDIC*, 179 F.3d 1368 (Fed. Cir. 1999), the Court held that where a violation of due process has occurred the "harmless error standard" is not appropriate.  That Court recognized that federal employees have a constitutionally protected property right in their continued employment.  *Stone*, 179 F.3d at 1374, *citing Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 (1985).  *Stone* held that where a federal employee such as Doe is deprived of due process, his removal is a nullity:

> Where a serious procedural curtailment mars an adverse personnel action which deprives the employee of pay, the court has regularly taken the position that the defect divests the removal (or demotion) of legality, leaving the employee on the rolls of the employing agency and entitled to his pay until proper procedural steps are taken toward removing or disciplining him. In that situation, the merits of the adverse action are wholly disregarded.

*Stone*, 179 F.3d at 1377, *quoting Ryder v. United States*, 218 Ct. Cl. 289, 585 F.2d 482, 488 (Ct. Cl. 1978). Denial of the proper procedures – as opposed to an error in application of proper procedures – prohibits application of the "harmless error standard" under *Stone*.

That Court's decision in *Cheney v. Department of Justice*, 479 F.3d 1343 (Fed. Cir. 2007), also mandates reinstatement of John Doe. It held that Cheney's right to due process had been violated because he was not afforded the information needed to present a meaningful response to the charges. *Cheney*, 479 F.3d at 353. The Court held that because Cheney "did not receive the statutory procedural protections to which he was entitled" the case was reversed and remanded for computation of back pay to which he was entitled. *Cheney*, 479 F.3d at 134–45:

> For the foregoing reasons, we hold that, in suspending Mr. Cheney, the DEA failed to meet the procedural requirements of 5 U.S.C. § 7513. Mr. Cheney's indefinite suspension was therefore improper, and he is entitled to recover back pay for the period of the improper suspension. *See Gose v. U.S. Postal Serv.,* 451 F.3d 831, 840 (Fed. Cir. 2006) ("Accordingly, Gose is to be immediately reinstated to his position, with back pay and credit, for all purposes, for the period of his improper removal from the Postal Service."); *McFarland v. Dep't of the Navy,* 62 M.S.P.R. 161, 165-66 (1994) (ordering back pay when the protections of section 7513 were not provided in suspending an employee).

*Cheney*, 479 F.3d at 1353 (footnote omitted).

Though the MSPB asserts in the instant case that a harmful error analysis was proper, the Federal Circuit has made clear that the Board should not resort to a harmful error analysis in this type of case. Describing the tension between the application of §7701(c)(2)(C) (error of law requires reversal) and § 7701(c)(2)(A) (harmless error standard), in *McCollum v. National Credit Union Association*, 417 F.3d 1332 (Fed Cir. 2005), the Court said the following:

7

> Where the decision itself is not in accordance with law, there is no need to show harmful error, as the Board held in *Hamilton*. 58 M.S.P.R. at 488. Because McCollum is challenging the removal decision itself, the appropriate standard of review before the Board is whether that decision was in accordance with law.

*McCollum*, 417 F. 3d at 1339.

The *McCollum* Court relied on *Hamilton v. U.S. Postal Service*, 58 M.S.P.R. 486; 1993 MSPB LEXIS 877 (August 13, 1993), where the Board itself held that a demotion action taken by the agency was not in accordance with law because the deciding official had "no legal authority" to demote the employee at the time the action was taken. *Hamilton,* 58 M.S.P.R. at 488. Because the action was not sustainable as a matter of law, the Board reinstated Hamilton with back pay, interest, and benefits. *Hamilton* at 489. The Board said, "An appealable action is unlawful in its entirety if there is no legal authority for it, and the Board will reverse it as 'not in accordance with' law, even if minimum constitutional due process was afforded to the appellant and he has not shown harmful error ...." *Hamilton,* at 488.

Similarly, in *McCollum* the only entity with actual authority to enforce the removal action did not do so, and therefore the action was not in accordance with law. *McCollum* at 1340. That Court noted that §§ 7701(c)(2)(A) and 7701(c)(2)(C) "are not directed to the same end", and that paragraph (A) refers to harmful error and the "different result" test which, as discussed above, is barred from application by *Stone* when there is a constitutional due process violation. *See McCollum* at 1339. Therefore, the remedy was to place him in "a position as nearly as possible to that occupied prior to his removal." *McCollum* at 1342.

Following the clear precedent of the United States Supreme Court and the Court of Appeals for the Federal Circuit, this Court should find that because the government's removal action deviated from established regulations, John Doe's removal was an act not in accordance with the law, was of no effect, and should be reversed under 5 U.S.C. § 7701(c)(2)(C).

## II.   THIS COURT HAS COLLATERAL ORDER JURISDICTION OVER THE MSPB REMAND ORDER, AND MAY GRANT SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF

This case comes to the District Court in an appellate posture, pursuant to the recent decision of the Supreme Court in *Kloeckner v. Solis*, 133 S. Ct. 596, 601 (2012), which affirmed the federal district courts' appellate jurisdiction in "mixed case" complaints involving agency actions appealable to the Merit Systems Protection Board which also include unresolved claims under the Rehabilitation Act of 1973, 29 U.S.C § 794.  Plaintiff recognizes that his Motion for Partial Summary Judgment on the MSPB's remand decision does not challenge a "final decision" as defined in 28 U.S.C. § 1291.  Regardless, Plaintiff asserts that this Court may properly evaluate and reverse MSPB's remand decision under the collateral order doctrine.

Title 28 U.S.C. § 1292 allows "appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties."  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545 (1949).  Among these exceptions are collateral orders, a "small class" of claims which are "separable from, and collateral to rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546.  *See also Behrens v. Pelletier*, 516 U.S. 299 (1996); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The Court determined that review of collateral orders was proper if, in waiting for technical finality prior to review, "it will be too late effectively to review the present order and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably." *Id.*  The courts have long given this provision of the statute a practical rather than a technical construction. *Id.*

**A.    Plaintiff's Rights Will Be Irreparably Lost If Collateral Order Review is Denied**

Plaintiff argues that his claim is among that class which, as contemplated in *Cohen*, is too important to be denied review, and which will very probably be lost if this Court denies review. The potential harm to John Doe is irreparable in light of the complete denial of constitutional rights he has suffered. *See Standard Havens Products, Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 512 (Fed. Cir. 1990).

Absent a determination of the matter by this Court, DOJ will avoid reinstating John Doe and paying what is due him. As a result of the improper remand Order, John Doe has been denied his constitutionally protected property right to his continued employment, and he will never receive the benefits of retroactive reinstatement. *Stone*, 179 F.3d at 1374. The Board has the exclusive responsibility of addressing issues pursuant to the Back Pay Act, and the MSPB has evaded that responsibility here. *See Read v. United States*, 254 F.3d 1064, 1066-68 (Fed. Cir. 2001). John Doe also has suffered immeasurable harm to his reputation and earning capacity. His removal is no secret in the district of his employment.

Finally, the remand order itself makes clear that without intervention by this Court, John Doe may forever lose the ability to seek reinstatement, back pay and attorney's fees. The Board's Order on appeal states:

> No later than 30 days after the agency tells the appellant that is has fully carried out the Board's Order, the appellant may file a new petition for appeal before the Chicago Regional Office. The appellant may renew all of issue [sic] raised in this appeal, and the administrative judge shall issue a new initial decision. However, except for the remanded issue of harmful procedural error, the administrative judge may incorporate by reference his findings in the October 27, 2009 initial decision and the findings in this Opinion and Order.

MSPB Board Order, ¶44. Nothing in this Order protects the remedy which the Plaintiff has

already earned: reinstatement, back pay and attorney's fees.  Furthermore, he is permitted on appeal only to inquire into harmful procedure, which Plaintiff urges is <u>not</u> the basis for error.  Moreover, Plaintiff is not an employee of DOJ as a result of the Board withholding the remedy he has earned, and thus there is no obligation on him to comply with the remand.  If the ARC sustains removal, Plaintiff will never receive the benefits of the past five years of litigation.  Should the ARC reverse the decision of DOJ, there is no obligation upon DOJ to do anything.  The ARC does not have authority to reinstate Plaintiff: its only function is to review security clearance determinations for employees.  It cannot provide any remedy to Plaintiff, and in the case of a reversal of the decision, DOJ could simply choose to do nothing.  It is unclear how John Doe would appeal to the MSPB again, because the decision of the ARC would not be an adverse action, and Doe is no longer employed by DOJ.  Even in the event that DOJ ever reinstates Doe, the record would bear no indication that his removal was improper—even though reinstatement would logically demonstrate that his removal was not in accordance with the law.

**B.      Plaintiff's Claim Conforms to Tests for Eligibility for Collateral Order Review**

The Supreme Court has further refined its assessment of the collateral order doctrine, holding that "[t]o come within the 'small class' of decisions excepted from the final-judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).  *See also Abney v. United States*, 431 U.S. 651, 658 (1977); *United States v. MacDonald*, 435 U.S. 850, 855 (1978).

The Plaintiff's claim fulfills all three requirements.  First, the argument above illustrates how the disputed question, whether John Doe's removal was contrary to law or merely a

procedural error, will be conclusively determined if review is denied by this Court. Essentially, the MSPB's Order states that as long as DOJ complies with its own rules on remand, the Order does not contemplate further action by MSPB and will thus be final.

Plaintiff's claim is also important, as argued above, and separable from the underlying merits of the claim. The merits of the underlying case are whether John Doe was actually capable of maintaining a security clearance as required by his job description. The claim raised for review by this Court is that DOJ did not act in accordance with the law in making that determination, and that reversal was the proper course of action. Plaintiff concedes, as in *Vitarelli*, that DOJ may reinstate him and then remove him anew based on some new disciplinary action after reinstatement. Plaintiff, however, is separately entitled to back pay and reinstatement for the period of time during which he was unlawfully removed.

Finally, if it were to stand, MSPB's Order would prohibit Plaintiff from later appealing any issue other than harmful procedural error—although it is unclear how Doe, no longer an employee, could pursue his appeal. DOJ's prior unlawful removal would stand unnoticed by the record as long as the agency complied with the Order. Once DOJ complies, its subsequent decision, made safely under the cloak of *Egan*, would be unreviewable and immune to attack on appeal.

Having shown that his claim is precisely the type of claim which ought to be preserved under the spirit of the *Cohen* doctrince, and that the claim comports with the more refined Supreme Court test in *Coopers*, Plaintiff John Doe urges this Court to recognize its proper collateral order jurisdiction in this case.

### III.   AN AWARD OF BACK PAY, ATTORNEY FEES, AND INTEREST IS PROPER UNDER 5 U.S.C. § 5596

An agency employee who successfully appeals from an unjustified or unwarranted personnel action which impacts pay has a statutory basis for an award of back pay, with interest, and attorney fees under the Back Pay Act, 5 U.S.C. § 5596:

**§ 55969(b). Back pay due to unjustified personnel action**

**(b)(1)**   An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee--

**(A)**   is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

**(i)**    an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; and

**(ii)**   reasonable attorney fees related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with chapter 71 of this title, or under chapter 11 of title I of the Foreign Service Act of 1980, shall be awarded in accordance with standards established under section 7701(g) of this title; …

That section also states that back pay awards pursuant to the subsection above "shall be payable with interest." 5 U.S.C. § 5596(b)(2)(A).

The referenced standards of 5 U.S.C. § 7701(g), regarding attorney's fees, provide that:

…[a]n administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is

13

warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

Plaintiff John Doe argues that his removal, which was not in accordance with the law, was unjustified or unwarranted as contemplated by 5 U.S.C. § 5596, and caused a reduction in the pay to which he was entitled for the affected period.  Plaintiff further argues, under 5 U.S.C. § 7701(g), that an award of attorney's fees is warranted in the interest of justice because the basis for his removal was not in accordance with the law, and thus both prohibited and without merit.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant summary judgment in favor of Plaintiff John Doe on Count One.

Dated: October 30, 2013                    Respectfully Submitted,

                                           HANNON LAW GROUP


                                                  *s/ J. Michael Hannon*
                                           J. Michael Hannon, #352526
                                           1901 18th Street, NW
                                           Washington, DC 20009
                                           (202) 232-1907
                                           Fax:  (202) 232-3704
                                           jhannon@hannonlawgroup.com

                                           *Attorney for Plaintiff*