IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:13-cv-992 (KBJ) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISALLOW THE
USE OF A PSEUDONYM**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. iii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 1

      I.     ALLOWING A PLAINTIFF TO PROCEED UNDER A PSEUDONYM
            IS JUSTIFIED ONLY IN EXCEPTIONAL CASES .................................. 1

      II.    PLAINTIFF HAS NOT MET HIS BURDEN OF DEMONSTRATING
            THE NEED TO USE A PSEUDONYM IN THIS CASE .......................... 4

CONCLUSION.............................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**

*Becker v. Elmwood Local Sch. Dist.*, No.12-3094, 519 Fed. Appx. 339 (6th Cir. May 3, 2013) .. 7

*Bialko v. Quaker Oats Co.*, No. 10-2273, 434 Fed. Appx. 139 (3d Cir. June 28, 2011) .............. 8

*Cardenas-Meade v. Pfizer, Inc.*, No. 12-5043, 510 Fed. Appx. 367 (6th Cir. Jan. 3, 2013) ......... 7

*Cleary v. Weil*, 5 M.S.P.R. 128 (1981) ................................................................... 5

*Dep't of Navy v. Egan*, 484 U.S. 518 (1988) .............................................................. 6

*Doe v. Bolton*, 410 U.S. 179 (1973)....................................................................... 3

*Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869 (7th Cir. 1997)...................................... 2

*Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975),
    *judgment aff'd by* 425 U.S. 985 (1976) ................................................................ 3

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) ............................................................. 2

*Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss. 1987) ....................................................... 4

*Doe v. Merten*, 219 F.R.D. 387 (E.D. Va. 2004) .......................................................... 4

*Doe v. Pittsylvania County*, 844 F. Supp. 2d 724 (W.D. Va. 2012) ........................................ 2

*Doe v. Santa Fe Indep. Sch. Dist.*, 933 F. Supp. 647 (S.D. Tex. 1996) ................................... 3

*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)........................................................ 2

*Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) ..................................... 3

*Doe v. Von Eschenbach*, No. 06-2131-RMC, 2007 WL 1848013 (D.D.C. June 27, 2007) ....... 2, 4

*Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) ............................. 2

*Dorfmont v. Brown*, 913 F.2d 1399, 1400 (9th Cir. 1990) ................................................. 6

*Duane v. U.S. Dep't of Defense,* 275 F.3d 988 (10th Cir. 2002)........................................... 6

*Foote v. Chu*, 928 F. Supp. 2d 96 (D.D.C. 2013),
    *appeal pending*, *Foote v. Moniz*, No. 13-5093 (D.C. Cir.) ............................................ 6

*Gonzagowski v. Widnall*, 115 F.3d 744 (10th Cir.1997) ................................................................. 7

*Guillot v. Garrett*, 970 F.2d 1320 (4th Cir. 1992) ........................................................................ 6

*Halper v. Wake Forest Univ. Health Sciences*, 669 F.3d 454 (4th Cir. 2012) ............................. 7

*James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993) ......................................................................... 3, 4

*Klute v. Shinseki*, 840 F.Supp.2d 209 (D.D.C. 2012) ................................................................... 7

*Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013) (en banc)...................................................... 6

*Murry v. Gen. Servs. Admin.*, No. 12-10779, 519 Fed. Appx. 866 (5th Cir. Mar. 27, 2013) ........ 7

*Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989)................................. 1

*O-J-R v. Ashcroft,* 216 F.R.D. 150 (D.D.C. 2003).......................................................................... 1

*Oryszak v. Sullivan*, 576 F.3d 522 (D.C. Cir. 2009) ..................................................................... 6

*Poe v. Ullman,* 367 U.S. 497 (1961)............................................................................................. 3

*Qualls v. Rumsfeld*, 228 F.R.D. 8 (D.D.C. 2005) .................................................................. 2, 3, 4

*Roe v. Wade*, 410 U.S. 113 (1973) ............................................................................................... 3

*Santandreu v. Miami Dade County*, 513 Fed. Appx. 902 (11th Cir. Mar. 21, 2013) .................... 7

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) .............................................. 2

*S. Methodist Univ. Assoc. of Women Law Students v. Wynne & Jaffe*,
       599 F.2d 707 (5th Cir. 1979) ............................................................................................ 2, 4

*United States v. Doe*, 655 F.2d 920, 921 n.1 (9th Cir. 1981)......................................................... 3

*United States v. Microsoft Corp.*, 56 F.3d 1448 (D.C. Cir. 1995) ................................................. 2

*Vince v. Mabus*, No. 12-1465, 2013 WL 3815606 (D.D.C. July 24, 2013) ................................. 8

*White v. Worthington Indus., Inc. Long Term Disability Income Plan*,
       266 F.R.D. 178 (S.D. Ohio 2010) ....................................................................................... 7

*Williams v. Reilly*, 743 F. Supp. 168 (S.D.N.Y. 1990) .................................................................. 6

## **Statutes**

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 ................................................................. 5

**<u>Regulations</u>**

5 C.F.R. § 1201.53 ....................................................................................................................... 5

## INTRODUCTION

The plaintiff in this action, a former Assistant United States Attorney ("AUSA") in the Department of Justice, was removed from his position in 2009 and has been challenging his removal in various fora since that time. Plaintiff now raises his claims in this Court after his case was transferred from the United States Court of Appeals for the Federal Circuit. Due to the procedural posture of his claim in the Federal Circuit, Plaintiff filed his Complaint for the first time in this Court, but he did not seek leave, prior to filing, to proceed by pseudonym. As explained below, requests to use a pseudonym should be granted only in exceptional cases, and the fact that Plaintiff was allowed to use a pseudonym in administrative proceedings does nothing to establish that this is an exceptional case. Indeed, most if not all plaintiffs raising claims factually similar to the claims Plaintiff has asserted here have done so under their own names, and Plaintiff has failed to present any legitimate basis for proceeding under a pseudonym in this case under the Rules of this Court.

## ARGUMENT

### I.  ALLOWING A PLAINTIFF TO PROCEED UNDER A PSEUDONYM IS JUSTIFIED ONLY IN EXCEPTIONAL CASES

The Federal Rules of Civil Procedure contain "no provisions for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). To the contrary, Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Similarly, the Local Rules of this Court require that the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." Local Civil Rules 5.1(e)(1) and 11.1. A plaintiff in this Court is therefore not entitled to proceed by pseudonym without prior express leave to do so. *See O-J-R v. Ashcroft*, 216 F.R.D. 150, 151 (D.D.C. 2003) (noting that plaintiff's

motion to proceed using a pseudonym had been denied).

The requirement that parties to a case filed in federal court identify themselves is "more than a customary procedural formality." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Instead, "[re]quiring parties to disclose their identities furthers the public's interest in knowing the facts surrounding judicial proceedings." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005); *accord Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *S. Methodist Univ. Assoc. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Indeed, the presumption that trials "must be open to the public absent an overriding and clearly articulated interest to the contrary" is one that courts must safeguard pursuant to "the First Amendment protections of freedom of speech and press." *Doe v. Pittsylvania County*, 844 F. Supp. 2d 724, 727 (W.D. Va. 2012). And "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). This requirement therefore "cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008).

Courts have recognized that a district court has discretion to grant "rare dispensation" from this requirement only in exceptional cases. *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995); *accord Doe v. Von Eschenbach*, No. 06-2131-RMC, 2007 WL 1848013, *2 (D.D.C. June 27, 2007) ("such requests should be granted only in rare instances"). In order to allow such a rare exception, a district court must "reasonably determine[] that the 'need for anonymity' outweighs 'the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Qualls*, 228 F.R.D. at 10 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). Applying this standard, courts have permitted plaintiffs to use pseudonyms in four types of cases: (1) cases in which

2

"identification creates a risk of retaliatory physical or mental harm," *Qualls*, 228 F.R.D. at

10-11[1]; (2) cases in which anonymity is necessary "to preserve privacy in a matter of sensitive

and highly personal nature," *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)[2]; (3) cases in

which the plaintiff would be "compelled to admit criminal behavior or be subject to punishment

by the state," *Qualls*, 228 F.R.D. at 11[3]; and (4) cases in which the plaintiff is a current or former

covert employee of an intelligence agency and his status as an employee remains classified.[4]

Courts have also allowed minors to use pseudonyms in certain instances even when doing so

would be inappropriate for adults because their age "makes them particularly vulnerable." *See*

*Doe v. Santa Fe Indep. Sch. Dist.*, 933 F. Supp. 647, 651-52 (S.D. Tex. 1996) (allowing minor

children to use pseudonyms while simultaneously denying their parents the same protection).

   Because "[p]seudonymous litigation is for the unusual or critical case, . . . it is the litigant

seeking to proceed under the pseudonym that bears the burden to demonstrate a legitimate basis

for proceeding in that manner." *Qualls*, 228 F.R.D. at 13. Courts have denied plaintiffs' requests

to file anonymously when they have not met that burden. For example, in *Qualls*, this Court

denied the plaintiffs' request to proceed anonymously in a suit brought by soldiers whose terms

of service in Iraq were involuntarily extended by the DOD's Stop Loss program. *Id.* at 13. To

support their request to file under pseudonyms, plaintiffs submitted declarations by unrelated

---

[1] *See, e.g., United States v. Doe*, 655 F.2d 920, 921 n.1 (9th Cir. 1981) (using pseudonym in opinion because appellant, a prison inmate, "faced a serious risk of bodily harm" if his role as a government informant were disclosed).
[2] In *James*, the court found that the district court should have allowed a pseudonym in an artificial insemination case in which the defendant doctor may have been the father of the children. *See also Roe v. Wade*, 410 U.S. 113 (1973) (abortion); *Doe v. Bolton*, 410 U.S. 179 (1973) (abortion); *Poe v. Ullman*, 367 U.S. 497 (1961) (birth control); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company under pseudonym to protect against identification as a homosexual).
[3] *See, e.g., Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975), *judgment aff'd by* 425 U.S. 985 (1976) (constitutional challenge to state sodomy law as applied to consenting homosexual activity).

third parties who alleged that they had experienced retaliation or bias as a result of their criticism

of the President or the Iraq War being made public. The Court denied the plaintiffs' request to

proceed as John Does, finding that the plaintiffs had failed to meet their burden of demonstrating

a legitimate basis for granting anonymity. The Court noted that they had not alleged any threat of

physical retaliation. *Id.* at 12. The Court also found that "[a] plaintiff's desire 'merely to avoid

the annoyance and criticism that may attend to any litigation' is not sufficient to justify

pseudonymous proceedings." *Id.* at 11 (quoting *James*, 6 F. 3d at 238); *accord S. Methodist*

*Univ. Ass'n of Women Law Students*, 599 F.2d at 713 (denying Title VII plaintiffs the

opportunity to proceed under pseudonyms because they "face no greater threat of retaliation than

the typical plaintiff alleging Title VII violations"); *Doe v. Merten*, 219 F.R.D. 387 (E.D. Va.

2004) (denying request to proceed anonymously by plaintiffs with unlawful or problematic

immigration status because that was "simply not the type of 'personal information of the utmost

intimacy' that warrants abandoning the presumption of openness in judicial proceedings"); *Doe*

*v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987) (holding Title VII plaintiff alleging sexual

harassment failed to meet her burden to proceed by pseudonym).

 In *Von Eschenbach*, the Court similarly concluded that the plaintiffs could not proceed

anonymously based on unsubstantiated fears of retribution. *Von Eschenbach*, 2007 WL 1848013,

at *3. The Court thus ordered the plaintiffs to file a notice "indicating how they wish to proceed:

whether they will drop out of the suit, reveal their identities, seek a certification for appeal,

and/or file an amended complaint." *Id.*

## II. PLAINTIFF HAS NOT MET HIS BURDEN OF DEMONSTRATING THE NEED TO USE A PSEUDONYM IN THIS CASE

 Here, Plaintiff has failed to demonstrate that an exception to the requirement that parties

identify themselves on the public record is warranted in this case. Indeed, Plaintiff has not even

attempted to make such a showing, perhaps relying on the fact that the MSPB allowed Plaintiff's administrative claims to proceed by pseudonym. Any such reliance is misplaced, however. No court, as far as Defendants are aware, has allowed a litigant in district court to proceed by pseudonym simply because he did so at the administrative level. Indeed, the standards applicable to such a determination at the administrative level are different from those that apply here. The MSPB has discretion to allow the use of a pseudonym based its own assessment of public and private interests. *See Cleary v. Weil*, 5 M.S.P.R. 128, 130 (1981) (noting that the MSPB's analysis follows the same balancing test applicable to withholdings based on privacy concerns under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552); *see also* 5 C.F.R. § 1201.53(e) (disclosure of MSPB records other than decisions is governed by FOIA). Here, in contrast, there is a strict requirement, set forth in the Rules of this Court and founded in the First Amendment, that litigants must proceed under their real names, and a plaintiff has the burden to justify an exception to that requirement.

Plaintiff has not met his burden of demonstrating that his case fits within any of the four exceptions mentioned above. Plaintiff, a former AUSA, did not occupy a covert position within the Department of Justice. He also cannot reasonably allege that the disclosure of his identity creates any risk of physical retaliation. Nor does he allege that he would be compelled to admit to criminal behavior. Finally, Plaintiff fails to identify claims of a highly personal nature that would justify an anonymous filing.

Moreover, a review of Plaintiff's claims demonstrates that they do not present an extraordinary situation warranting the use of a pseudonym. To the contrary, numerous litigants have gone forward with similar claims under their own names. Plaintiff was removed as an AUSA following a determination by the Department that he was no longer eligible to occupy a

Special-Sensitive Level 4 position – a status that he was required to maintain as an AUSA and that would render him eligible to obtain a security clearance. To the extent Plaintiff seeks to challenge his removal or the underlying national security determination, such a claim does not warrant the use of a pseudonym. Other plaintiffs have filed challenges to the denial or revocation of their security clearance, and similar decisions regarding an employee's eligibility to hold a national security-sensitive position, in their own names even though their claims may raise some embarrassment. *See, e.g. Dep't of Navy v. Egan*, 484 U.S. 518 (1988) (plaintiff's clearance was revoked based on criminal convictions); *Kaplan v. Conyers*, 733 F.3d 1148, 1157 (Fed. Cir. 2013) (en banc) (plaintiffs were suspended or demoted due to finding that they were ineligible to occupy "noncritical sensitive" positions); *Oryszak v. Sullivan*, 576 F.3d 522, 523 (D.C. Cir. 2009) (Secret Service revoked security clearance of Special Agent after finding that she had "knowingly passed counterfeit currency"); *Duane v. U.S. Dep't of Defense*, 275 F.3d 988, 990-92 (10th Cir. 2002) (clearance was revoked based on illegal drug use); *Guillot v. Garrett*, 970 F.2d 1320, 1324 (4th Cir. 1992) (clearance was revoked based on alcoholism and drug use); *Dorfmont v. Brown*, 913 F.2d 1399, 1400 (9th Cir. 1990) (clearance was revoked based on allegation that plaintiff provided data to Bulgarian national serving a sentence for attempted hijacking of an airline); *Foote v. Chu*, 928 F. Supp. 2d 96, 98 (D.D.C. 2013) (plaintiff denied employment after psychological exam resulted in denial of certification in Department of Energy's Human Reliability Program), *appeal pending, Foote v. Moniz*, No. 13-5093 (D.C. Cir.); *Williams v. Reilly*, 743 F. Supp. 168, 170 (S.D.N.Y. 1990) (security clearance revoked for use of illegal drugs). Similar to the plaintiffs in these cases, Plaintiff cannot justify an anonymous filing based on the fact that he was removed from his position for failure to maintain eligibility for a security clearance.

As part of his challenge, Plaintiff here seeks to raise a claim under the Rehabilitation Act based on an alleged anxiety disorder. *See* Compl. ¶ 13. However, that fact likewise does not support his use of a pseudonym. "[M]any types of cases involve the public disclosure of medical conditions and medical records," including in the employment litigation context. *White v. Worthington Indus., Inc. Long Term Disability Income Plan*, 266 F.R.D. 178, 196 (S.D. Ohio 2010) (rejecting request to seal administrative record with information about the plaintiff's disability). Indeed, individuals alleging discrimination based on disability, including those who allege they suffer from an anxiety disorder (and a Westlaw search suggests that there are many such allegations), commonly file their complaints using their real names. *See, e.g., Klute v. Shinseki*, 840 F.Supp.2d 209, 217 (D.D.C. 2012) (plaintiff raised Rehabilitation Act claim based on alleged adjustment disorder); *see also Halper v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 463-64 (4th Cir. 2012) (medical school student raised Rehabilitation Act and Americans with Disabilities Act ("ADA") claims based on alleged attention deficit disorder and anxiety disorder); *Gonzagowski v. Widnall*, 115 F.3d 744, 746–47 (10th Cir.1997) (plaintiff raised Rehabilitation Act claim based on alleged "anxiety disorder that arose from conflicts with his supervisor and poor performance reviews"); *Becker v. Elmwood Local Sch. Dist.*, No.12-3094, 519 Fed. Appx. 339, 340-41 (6th Cir. May 3, 2013) (school teacher raised ADA claim based on alleged obsessive-compulsive disorder and anxiety); *Murry v. Gen. Servs. Admin.*, No. 12-10779, 519 Fed. Appx. 866, 866 (5th Cir. Mar. 27, 2013) (former GSA employee raised Rehabilitation Act claim based on alleged agoraphobia, depression, anxiety, panic, and post-traumatic stress disorder); *Santandreu v. Miami Dade County*, 513 Fed. Appx. 902 (11th Cir. Mar. 21, 2013) (former county engineer raised ADA claim based on alleged depressive disorder and generalized anxiety disorder); *Cardenas-Meade v. Pfizer, Inc.*, No. 12-5043, 510 Fed. Appx. 367 (6th Cir.

Jan. 3, 2013) (former Pfizer sales representative raised ADA claim based on alleged anxiety and

depression); *Bialko v. Quaker Oats Co.*, No. 10-2273, 434 Fed. Appx. 139, 142 (3d Cir. June 28,

2011) (ADA claim based on panic and anxiety disorders). None of the allegations in Plaintiff's

Complaint warrant treating his case differently.

      Finally, it should be pointed out that, while Plaintiff's Complaint does contain allegations

of improper disclosures of personal information, these allegations are simply copied from

Privacy Act claims that Plaintiff filed – and that were rejected – in a previous case. *See* Second

Am. Compl (ECF No. 23) & Mem. Op. (ECF No. 52), *Doe v. Dep't of Justice* ("*Doe* I"), No.

1:09-cv-411-ESH (D.D.C.). Any claims based on these allegations are barred by res judicata.

*Vince v. Mabus*, No. 12-1465, 2013 WL 3815606, at *4 (D.D.C. July 24, 2013). Moreover, while

it is unclear why Plaintiff was allowed to proceed by pseudonym in the prior case, there are

indications in Judge Huvelle's opinions in that case, and in the public filings by the parties, that

any justification for proceeding by pseudonym at that time would no longer apply now. For

example, Plaintiff's Complaint in this case contains the same allegation he had asserted in his

previous case, that "Privacy Act-protected personnel records and medical records of John Doe

now are in the public record of the MSPB." Compl. ¶ 50. However, when denying Plaintiff's

request for attorney's fees in the prior case, Judge Huvelle observed that the MSPB had ordered

the redaction of identifying information from published MSPB opinions, "moot[ing] plaintiff's

need for relief" on that issue. *See* Opinion & Order of Dec. 8, 2009, at 3, *Doe I*, ECF No. 64.

      In addition, there was ultimately no finding in the prior case that Plaintiff's personnel or

medical records had ever actually been made public. Rather, as the government pointed out in

briefing in that case, the MSPB decisions only contain references to the fact that Plaintiff has

asserted that he has an anxiety disorder, and to a statement in a letter from Plaintiff's

psychologist to his employer, which provided the impetus for the United States Attorney's Office where he worked to convey that letter to Executive Office of United States Attorneys' Chief of Personnel Security Section. As already explained above, cases involving similar information commonly go forward without the use of a pseudonym, and neither of these references provides justification for proceeding by pseudonym in this case, particularly because, as explained more fully in Defendants' Motion to Dismiss, also filed today, none of this information is necessary for the resolution of this case.

## CONCLUSION

In short, the allegations contained in the Complaint are similar to other cases in which plaintiffs have filed under their real names. Because Plaintiff has failed to meet the extraordinary burden of justifying filing under a pseudonym, Plaintiff should not be allowed to proceed under a pseudonym. As in *Von Eschenbach*, this Court should issue an order requiring Plaintiff either to amend his Complaint by substituting his real name and address as required by the Rules of this Court, or to file a notice indicating how he otherwise wishes to proceed, e.g., whether he will voluntarily dismiss his suit.

February 4, 2014

Respectfully submitted,
STUART F. DELERY
Assistant Attorney General
RONALD C. MACHEN JR.
United States Attorney
SUSAN K. RUDY
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC   20530
Tel.   (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*