IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:13-cv-992 (KBJ) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iv

INTRODUCTION ............................................................................................................... 1

STATUTORY AND REGULATORY FRAMEWORK ...................................................... 3

    I.     Rehabilitation Act ............................................................................................... 3

    II.    Administrative Exhustion in "Mixed Cases" ...................................................... 5

    III.   Administrative Exhustion Outside the Context of a Mixed Case ....................... 7

FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 8

    I.     Plaintiff's Requests for an Accommodation .......................................................... 8

    II.    Plaintiff's Subsequent Removal ............................................................................ 9

    III.   Plaintiff's MSPB Appeal .................................................................................... 10

    IV.   Plaintiff's Federal Circuit Appeal and Discrimination Claim Waiver ................. 12

    V.    Plaintiff's Complaint in This Case ...................................................................... 13

    VI.   ARC Decision and Plaintiff's New MSPB Appeal ............................................. 15

STANDARD OF REVIEW ............................................................................................... 15

ARGUMENT .................................................................................................................... 17

    I.     BECAUSE PLAINTIFF'S REHABILITATION ACT CLAIM FOCUSES
          ON THE ACTS OF USAO PERSONNEL IN ANOTHER DISTRICT,
          VENUE IN THIS COURT IS IMPROPER ......................................................... 17

    II.    BECAUSE PLAINTIFF'S REHABILITATION ACT CLAIM
          CHALLENGES PRE-REMOVAL ACTIONS BY USAO EMPLOYEES,
          THE CLAIM IS BARRED BY PLAINTIFF'S FAILURE TO EXHAUST
          ADMINISTRATIVE REMEDIES ...................................................................... 21

    III.   PLAINTIFF LACKS STANDING TO ASSERT A REHABILITATION
          ACT CLAIM BASED ON A REQUEST NOT TO BE TRANSFERRED
          BECAUSE NO TRANSFER TOOK PLACE ...................................................... 24

IV.     PLAINTIFF HAS WAIVED THE RIGHT TO PURSUE ANY
REHABILITATION ACT CHALLENGE TO HIS REMOVAL ...................... 26

V.     PLAINTIFF'S CLAIM AGAINST THE MSPB IS IMPROPER AND
MISCHARACTERIZES THE MSPB'S DECISION ......................................... 27

CONCLUSION ........................................................................................................................ 31

## **TABLE OF AUTHORITIES**

### **Cases**

*Apotex, Inc. v. FDA*, 393 F.3d 210, (D.C. Cir. 2004) .................................................................. 14

*Archuleta v. Sullivan*, 725 F. Supp. 602 (D.D.C. 1989) ........................................................ 18, 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 16

*Auer v. Robbins*, 519 U.S. 452 (1997) ....................................................................................... 29

*Baloch v. Kempthorne*, 550 F.3d 1191 (D.C. Cir. 2008) ............................................................ 22

*Barnes v. Small*, 840 F.2d 972 (D.C. Cir. 1988) ........................................................................ 28

*Bonnette v. Shinseki*, 907 F. Supp. 2d 54 (D.D.C. 2012) ........................................................... 25

*Brattain v. Alcitepe*, 934 F. Supp. 2d 119 (D.D.C. 2013) .......................................................... 16

*Brodie v. Jackson*, 954 F.Supp.2d 31 (D.D.C. 2013) ................................................................. 25

*Butler v. West*, 164 F.3d 634 (D.C. Cir. 1999) ................................................................... 5, 6, 7

*Carter v. Greenspan*, 304 F. Supp. 2d 13 (D.D.C. 2004) ............................................................ 6

*Crowley v. Napolitano*, 925 F. Supp. 2d 89 (D.D.C. 2013) ............................................. 15, 16, 19

*Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274 (D.D.C. 2002) ......................................... 18

*Davis v. Geithner*, 919 F. Supp. 2d 8 (D.D.C. 2013) ............................................................ 7, 28

*Delbert v. Duncan*, 923 F. Supp. 2d 256 (D.D.C. 2013) ........................................................ 7, 28

*Department of Navy v. Egan*, 484 U.S. 518 (1988) ...................................................... 11, 23, 29

*Doe v. Dep't of Justice* ("MSPB Op."), 118 M.S.P.R. 434 (2012) ................ 9, 10, 11, 12, 23, 30

*Doe v. Dep't of Justice* ("*Doe I*"), 660 F. Supp. 2d 31 (D.D.C. 2009) ...................... 10, 14, 24-25

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621 (D.C. Cir. 1997) ........................ 16-17

*Ellison v. Napolitano*, 901 F. Supp. 2d 118 (D.D.C. 2012) .................................................. 4, 22

*Herbert v. Sebelius*, 925 F. Supp. 2d 13 (D.D.C. 2013) ...................................................... 15, 20

*Ikossi v. Dep't of Navy*, 516 F.3d 1037 (D.C. Cir. 2008) .................................................. 6, 23, 28

*Isenbarger v. Farmer*, 463 F. Supp. 2d 13 (D.D.C. 2006) .................................................. 9, 16

*Jones v. Hagel*, No. 12-1236, 2013 WL 3893382, (D.D.C. July 30, 2013) ........................ 19, 20

*Jones v. Univ. of Dist. of Columbia*, 505 F. Supp. 2d 78 (D.D.C. 2007) ...................................... 4

*Kapche v. Holder*, 677 F.3d 454 (D.C. Cir. 2012) .................................................... 3, 4

*Kelly v. Barreto*, No. 05-900, 2006 WL 2568443 (D.D.C. Sept. 5, 2006) .................................. 6

*Kloeckner v. Solis*, 133 S. Ct. 596 (2012) ........................................................ 6, 13, 26

*Kloeckner v. Solis*, No. 08-762, 2009 WL 1364641 (D.D.C. May 15, 2009) ............................. 19

*Klute v. Shinseki*, 797 F. Supp. 2d 12 (D.D.C. 2011) ..................................................... 4

*Koch v. Walter*, 934 F. Supp. 2d 261 (D.D.C. 2013) .............................................. 22, 23

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................... 24

*Lynch v. FDIC*, 60 M.S.P.R. 447 (1994) ............................................................ 27, 28

*Mahoney v. Donovan*, 824 F. Supp. 2d 49 (D.D.C. 2011) ...................................................... 4, 22

*Mays v. U.S. Postal Serv.*, 995 F.2d 1056 (Fed. Cir. 1993) .................................................. 27-28

*McAdams v. Reno*, 64 F.3d 1137 (8th Cir. 1995) ........................................................ 7

*McLaughlin v. Holder*, 864 F. Supp. 2d 134 (D.D.C. 2012) ................................................ 18, 21

*Menifee v. U.S. Dep't of the Interior*, 931 F. Supp. 2d 149 (D.D.C. 2013) ................................ 16

*Norris v. Salazar*, 885 F. Supp. 2d 402 (D.D.C. 2012) ............................................ 9, 13

*Otiji v. Heyman*, 47 F. Supp. 2d 6 (D.D.C. 1998) ...................................................... 26

*Pendleton v. Mukasey*, 552 F. Supp. 2d 14 (D.D.C.2008) ............................................ 15

*Rattigan v. Holder*, 643 F.3d 975 (D.C. Cir. 2011),
    *as modified on rehearing*, 689 F.3d 764 (2012) ................................................ 22

*Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162 (D.D.C. 2006) ................................................ 16

*Role Models America, Inc. v. Harvey*, 459 F. Supp. 2d 28 (D.D.C. 2006) ................................ 16

*Rouse v. Berry*, 680 F. Supp. 2d 233 (D.D.C. 2010) ....................................................... 4

*Schrader v. Holder*, 831 F. Supp. 2d 304 (D.D.C. 2011) ................................................ 24

*Shirk v. Garrow*, 505 F. Supp. 2d 169 (D.D.C. 2007) .................................................. 17

*Slaby v. Holder*, 901 F. Supp. 2d 129 (D.D.C. 2012) ................................................... 19

*Smith v. Horner*, 846 F.2d 1521 (D.C. Cir. 1988) ....................................................... 26

*Spinelli v. Goss*, 446 F.3d 159 (D.C. Cir. 2006) ..................................................... 4, 22

*Tardio v. Dep't of Justice*, 112 M.S.P.R. 371 (2009) ................................................. 23

*Taylor v. Small*, 350 F.3d 1286 (D.C. Cir. 2003) ......................................................3-4

*Varma v. Gutierrez*, 421 F.Supp.2d 110 (D.D.C. 2006) ................................................ 18

*Vince v. Mabus*, No. 12-1465, 2013 WL 3815606 (D.D.C. July 24, 2013) .............................. 14

*Vinieratos v. United States*, 939 F.2d 762 (9th Cir. 1991) ........................................... 29

*White v. Tapella*, 876 F. Supp. 2d 58 (D.D.C. 2012) ................................................... 6

*Williams v. GEICO Corp.*, 792 F. Supp. 2d 58 (D.D.C. 2011) .......................................... 16

## **Statutes**

Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706 ........................................... 10

Privacy Act, 5 U.S.C. § 552a ..................................................................... 10, 14

5 U.S.C. § 7511 ...................................................................................... 5

5 U.S.C. § 7512 ................................................................................... 5, 22

5 U.S.C. § 7513 .................................................................................. 11, 30

5 U.S.C. § 7701 .................................................................................. 11, 30

5 U.S.C. § 7702 ............................................................................. 5, 6, 27, 28

5 U.S.C. § 7703 ....................................................................... 6, 10, 12, 21, 27, 28, 29

Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.* ................................................................ 3

29 U.S.C. § 791 ................................................................................................ 3, 4, 5, 13

29 U.S.C. § 794 ................................................................................................ 4, 10, 13

29 U.S.C. § 794a .................................................................................................... 4, 18

42 U.S.C. § 2000e-5 ...................................................................................................... 4

42 U.S.C. 2000e-16 ............................................................................ 6, 7, 13, 23, 27, 28

**Regulations**

5 C.F.R. § 1201.3 ..................................................................................................... 5, 22

5 C.F.R. § 1201.41 ........................................................................................................ 5

5 C.F.R. § 1201.56 ............................................................................................ 3, 29, 30

5 C.F.R. §1201.111 ................................................................................................. 5, 10

5 C.F.R. § 1201.113 ................................................................................................. 5, 6

5 C.F.R. § 1201.114 .................................................................................................... 11

5 C.F.R. § 1201.151 ...................................................................................................... 5

28 C.F.R. § 17.15 ....................................................................................................... 11

29 C.F.R. §§ 1614.105 to .110 ..................................................................................... 7

29 C.F.R. § 1614.105 ......................................................................................... 7, 8, 23

29 C.F.R. § 1614.106 .................................................................................................... 8

29 C.F.R. § 1614.108 .................................................................................................... 8

29 C.F.R. § 1614.302 .................................................................................................... 5

29 C.F.R. § 1614.310 .................................................................................................. 27

29 C.F.R. § 1614.402 .................................................................................................... 8

29 C.F.R. § 1614.407 .................................................................................................... 8

**<u>Other Materials</u>**

15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3826
(2d ed. 1986 & Supp.2006) ............................................................................. 15

## INTRODUCTION

Plaintiff is a former Assistant United States Attorney ("AUSA") who worked at a U.S. Attorney's Office ("USAO") in another State, and who was removed from that position in 2009. It should be noted at the outset that, well before a Complaint was ever filed in this case, Plaintiff's varied and various filings in other proceedings have created a tortured procedural history that is difficult to unpack with clarity. In essence, however, Plaintiff presents this Court with a claim that certain actions of employees in the USAO where he worked violated the Rehabilitation Act in the years preceding his removal. Not only does Plaintiff bring this claim in the wrong venue, but he never exhausted his administrative remedies as to those alleged actions prior to his removal.

Instead, Plaintiff challenged the removal itself, by filing an appeal with the Merit Systems Protection Board ("MSPB"). In addition, almost simultaneous with that filing, Plaintiff filed his first challenge in this Court, raising claims that were ultimately dismissed as either meritless or premature. More recently, when the MSPB issued a nonfinal order remanding his administrative appeal to the Department of Justice ("the Department" or "DOJ") for further proceedings, Plaintiff once again jumped the gun and brought a premature challenge to that remand in the Federal Circuit, in the process waiving any discrimination claim. When that action was transferred to this Court, Plaintiff proceeded to file a new case in addition to the docketed transferred case. This Court has already had to sort out that procedural redundancy. And now that the Department has completed its obligations pursuant to the MSPB's remand order, Plaintiff is actively seeking to revive the proceedings in the MSPB. Meanwhile, he is still attempting to maintain this action challenging the MSPB's authority to issue the remand in the first place. Ultimately, this Court need not dwell on this convoluted procedural background

because what is abundantly clear is that the two claims brought in this district court action must be dismissed. And although Plaintiff has now filed an Amended Complaint, his amendments do nothing to cure the fatal defects identified in Defendants' original motion.

For one thing – despite Plaintiff's strategic insertions at various points in his Amended Complaint of the words "Washington, D.C." and "EOUSA" – Plaintiff's discrimination claim undeniably focuses on actions that occurred in the USAO where he was employed and belongs, if anywhere, in that district rather than here. Indeed, Plaintiff's Rehabilitation Act claim focuses on a proposed transfer within that office, along with other events that occurred prior to his removal – again within the office where he was employed. Yet his challenge in the MSPB was statutorily limited to the removal itself. Thus not only is venue improper here, but it would be futile to send his claims elsewhere because he has failed to exhaust his administrative remedies – a jurisdictional prerequisite under the Rehabilitation Act. Plaintiff also lacks standing to challenge a proposed transfer that ultimately never took place. Moreover, even if Plaintiff had alleged discrimination in connection with his removal, he waived any such discrimination claim when he chose to fill out a waiver form in his Federal Circuit filing. Under the law of this Circuit, Plaintiff's express waiver precludes him from raising such a claim in this Court.

Plaintiff's second claim – that the MSPB erred in remanding the national security determination that led to his removal to the Department rather than reversing his removal and ordering reinstatement – also fails. The MSPB is not a proper defendant in this case. Moreover, to the extent Plaintiff seeks to challenge the MSPB's remand decision based on the administrative record, there has been no final MSPB decision or record to review – as the MSPB itself has already told to Plaintiff in response to his request for reconsideration. Indeed, as

explained above, since the time that Plaintiff filed this case, the procedure on remand that the

MSPB had ordered has concluded, and Plaintiff is now attempting to continue administrative

proceedings before the MSPB.

Moreover, the entire premise of Plaintiff's claim against the MSPB is legally flawed.

Plaintiff contends that the MSPB issued a conclusion that the Department's removal decision

was not in accordance with law, under 5 C.F.R. § 1201.56(b)(3), and that § 1201.56(b) thus

required it to reverse the Department's adverse action. In fact, however, the MSPB issued its

decision under a different subsection, § 1201.56(b)(1), because it believed the Department had

failed to follow its own rules. When such a procedural error has occurred, reversal is only

warranted if the error was harmful. And it was for the very purpose of addressing whether there

was any harm that the MSPB ordered a remand. Thus, even if a challenge to the MSPB decision

were proper at this time, Plaintiff is simply wrong under the law that the MSPB had to reverse

his removal; and thus he has failed to state a claim on this basis upon which relief can be granted.

Accordingly, this action should be dismissed in its entirety.

## STATUTORY AND REGULATORY FRAMEWORK

### I.    Rehabilitation Act

The Rehabilitation Act prohibits discrimination by the federal government on the basis of

disability. 29 U.S.C. §§ 791 *et seq.* Section 501 of the Rehabilitation Act "prohibits federal

agencies from discriminating in employment on the basis of a disability." *Kapche v. Holder*, 677

F.3d 454, 460 (D.C. Cir. 2012) (citing 29 U.S.C. § 791). Another provision, Section 504,

prohibits discrimination "'under any program or activity receiving federal financial assistance or

under any program or activity conducted by'" a federal agency. *Taylor v. Small*, 350 F.3d 1286,

1291 (D.C. Cir. 2003) (quoting 29 U.S.C. § 794(a)). The D.C. Circuit in *Taylor* held that employees of federal agencies raising claims of disability discrimination in their employment may only bring claims under Section 501, not Section 504. *Id.* at 1291-92; *Rouse v. Berry*, 680 F. Supp. 2d 233, 238-39 (D.D.C. 2010) ("The D.C. Circuit does not recognize a cause of action under § 504 for federal employees claiming employment discrimination."). The standards that determine whether Section 501 has been violated are the same standards applicable to claims under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and the provisions of sections 501 through 504 and 510 of the ADA as they relate to employment. *Kapche*, 677 F.3d at 460 n.5 (citing 29 U.S.C. § 791(g)). The remedies and procedures applicable to such claims are those set forth in Title VII of the Civil Rights Act, including its venue provision, 42 U.S.C. § 2000e-5(f)(3). *See* 29 U.S.C. § 794a(a)(1).

Exhaustion of administrative remedies is required for claims brought under Section 501. *See Jones v. Univ. of Dist. of Columbia*, 505 F. Supp. 2d 78, 85 (D.D.C. 2007). Failure to satisfy this exhaustion requirement is a jurisdictional defect. *Mahoney v. Donovan*, 824 F. Supp. 2d 49, 58 (D.D.C. 2011) (citing *Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006)); *Klute v. Shinseki*, 797 F. Supp. 2d 12, 18 (D.D.C. 2011). "Since exhaustion of Rehabilitation Act claims is a jurisdictional requirement, the plaintiff has the burden to plead and prove it." *Ellison v. Napolitano*, 901 F. Supp. 2d 118, 124 (D.D.C. 2012).

There are different administrative exhaustion procedures, depending on whether or not a claimant is entitled to bring claims before the Merit Systems Protection Board ("MSPB") – the administrative body that hears appeals concerning certain aspects of federal employment – and raises a Rehabilitation Act claim in connection with the specific forms of adverse employment

4

action appealable to the MSPB, *see* 5 U.S.C. § 7512. Cases that involve such a claimant, and that raise such a Rehabilitation Act claim, are known as "mixed cases."

## II.   Administrative Exhaustion in "Mixed Cases"

Certain categories of employees have the right to appeal an adverse employment action to the MSPB. *See* 5 U.S.C. § 7511. However, only certain types of employment actions can be appealed to the MSPB. The adverse actions that can be appealed to the MSPB are specifically set forth by statute, and include (1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less. 5 U.S.C. § 7512; *see* 5 C.F.R. § 1201.3(a)(1).

When an employee "has been affected by an action which the employee . . . may appeal" to the MSPB, and "alleges that a basis for the action was discrimination prohibited by . . . section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791)," the employee may satisfy the Rehabilitation Act's administrative exhaustion requirement through MSPB proceedings, and the MSPB may address the discrimination claim as well as the appealable action. 5 U.S.C. § 7702(a)(1). Such appeals are known as "mixed case appeals," following the term used in the Federal Regulations. *See* 29 C.F.R. § 1614.302(a)(2); *see also* 5 C.F.R. § 1201.151(a)(2).

A "mixed case appeal" filed with the MSPB is first assigned to an Administrative Judge ("AJ"), who issues an initial decision containing findings of fact and conclusions of law. *See Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (citing 5 C.F.R. §§ 1201.41(b), 1201.111). The AJ's decision becomes final after thirty-five days if neither party seeks further MSPB review. *Id.* (citing 5 C.F.R. § 1201.113). However, if the MSPB grants a petition for review from the initial decision, there is no "final decision" until the MSPB issues a decision that "disposes of

the entire action." 5 C.F.R. § 1201.113. Ordinarily, outside the "mixed case" context, a plaintiff

seeks judicial review of a final MSPB decision in the Federal Circuit. *See Kloeckner v. Solis*, 133

S. Ct. 596, 601 (2012) (citing 5 U.S.C. § 7703(b)(1)). However, when a claimant seeks judicial

review of a final MSPB decision in a "mixed case," the case is brought in district court. *Id.* at

607.

If the final MSPB decision addressed both the discrimination claim and the

nondiscrimination claims, the court reviews the discrimination claim de novo but reviews the

nondiscrimination claims based on the administrative record of MSPB proceedings. *Butler*, 164

F.3d at 639 n.10 (citing 5 U.S.C. § 7703(c)); *see also White v. Tapella*, 876 F. Supp. 2d 58, 65

(D.D.C. 2012). However, if the MSPB "fails to render a judicially reviewable decision within

120 days from the filing of a mixed case appeal, the aggrieved party can pursue her claim in

federal district court," *Butler*, 164 F.3d at 639, "to the same extent and in the same manner as

provided in section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c))," 5 U.S.C.

§ 7702(e)(1)(B). In that instance, the claim that the plaintiff files in district court is his

"underlying discrimination complaint." *See Kelly v. Barreto*, No. 05-900, 2006 WL 2568443, at

*4-5 (D.D.C. Sept. 5, 2006). While the plaintiff may assert other arguments challenging the same

agency action (such as removal) that was at issue before the MSPB, exhaustion is effective only

with respect to that action, not any other agency action that was not on appeal before the MSPB.

*Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1044 (D.C. Cir. 2008). Moreover, the passage of the

120-day period merely serves as "the predicate for filing suit"; it does not create an independent

cause of action against the MSPB, which failed to reach a final decision within that period. *Id.*;

*see also Carter v. Greenspan*, 304 F. Supp. 2d 13, 31 (D.D.C. 2004) (recognizing that "Title VII

creates no independent cause of action for the mishandling of an employee's discrimination complaints" before the MSPB). Thus, regardless of how exhaustion occurs in a mixed case, the only proper defendant in district court is "the head of the department, agency, or unit" that was the plaintiff's employer. *See Delbert v. Duncan*, 923 F. Supp. 2d 256, 259 (D.D.C. 2013) (citing 42 U.S.C. § 2000e-16(c)); *Davis v. Geithner*, 919 F. Supp. 2d 8, 16 (D.D.C. 2013).

Of course, an important limitation on a claimant's ability to exhaust administrative remedies through the MSPB appeal process is that the case qualify as a "mixed case appeal." In order to qualify as a "mixed case appeal," the appeal must raise a discrimination claim in connection with the adverse action that is appealable to the MSPB. In other words, a "mixed case appeal" is a challenge to "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the [same adverse personnel] action was motivated by discrimination." *Butler*, 164 F.3d at 638; *see also McAdams v. Reno*, 64 F.3d 1137, 1143 (8th Cir. 1995) ("The MSPB does not have jurisdiction over claims of discrimination that are completely divorced from a personnel action otherwise within its jurisdiction.").

## III.    Administrative Exhaustion Outside the Context of a Mixed Case

A claim under Section 501 of the Rehabilitation Act that is not properly part of a "mixed case" must be exhausted through the procedures described in 29 C.F.R. §§ 1614.105 to .110. This process first requires an aggrieved person to engage in informal counseling with an Equal Employment Opportunity ("EEO") counselor at his agency. *Id.* § 1614.105(a). The EEO counselor must be contacted within 45 days of the alleged discriminatory act although the time limit may be extended by the agency or the EEOC, as set forth in § 1614.105(a)(2). In order to pursue a complaint beyond that process, the complainant must file a complaint with the agency

7

within fifteen days of receiving notice as required under § 1614.105. *Id.* § 1614.106(a). The agency then has 180 days to investigate the complaint. *Id.* § 1614.108(e). Following the investigation, unless the agency has dismissed the complaint, the agency must provide the complainant with a copy of the investigative file and notify the complainant of the right, within 30 days, to request a hearing and decision from an administrative judge of the EEOC or an immediate final decision by the agency. *Id.* § 1614.108(f). The complainant must appeal the agency's dismissal, final action, or final decision to the EEOC within thirty days of receiving the decision. *Id.* § 1614.402(a). If no appeal is filed, the complainant may file a civil action within 90 days of receiving the agency's final decision, or 180 days after filing a complaint if no final decision has been issued. If an appeal is filed, the complainant may file a civil action within 90 days of receiving the EEOC's final decision, or 180 days after the date the appeal was filed if the EEOC has not issued a final decision. *Id.* § 1614.407.

### FACTUAL AND PROCEDURAL BACKGROUND

**I.     Plaintiff's Requests for an Accommodation**

Prior to his removal, Plaintiff was employed as an Assistant United States Attorney ("AUSA") at a United States Attorney's Office ("USAO") in another State. In his Amended Complaint, Plaintiff recites a litany of allegations covering his work as an AUSA in that office over a period of more than six years prior to his removal. According to Plaintiff, he informed the USAO in 2005 that he had an anxiety disorder and requested an accommodation. Amended Complaint ("Am. Compl."), ECF No. 13, ¶ 16. Plaintiff states that he was granted an accommodation in 2006 in the form of an increased level of communication with his superiors. *Id.* ¶ 17.

In August 2008, Plaintiff was advised that he was being transferred to another litigating unit within the USAO and that the location of his office would be moved. *Id.* ¶ 31. Plaintiff subsequently submitted a request pursuant to the Rehabilitation Act that, as an accommodation of his anxiety disorder, he not be transferred to another unit or required to move to another office. *Id.* ¶ 33. In connection with that request, Plaintiff was asked by USAO management to provide supporting medical documentation. *Id.* ¶ 35. Plaintiff responded by submitting letters from his psychologist and his physician. *Id.* ¶ 36.

The USAO never issued a decision regarding Plaintiff's 2008 request for reasonable accommodation. *See id.* ¶ 39. But in any event, the transfer to another unit, to which the requested accommodation related, never took place. The USAO sent the letter from Plaintiff's psychologist, which characterized Plaintiff's reaction to the possibility of transfer, to the Personnel Security Section of the Executive Office of United States Attorneys ("EOUSA"), in Washington, D.C. *Id.* ¶ 37; *see* MSPB Op. & Order of Aug. 9, 2012 ("MSPB Op."), *Doe v. Dep't of Justice*, 118 M.S.P.R. 434, 436-37 (2012).[1]

## II.     Plaintiff's Subsequent Removal

The Personnel Security Section Chief found that Plaintiff was ineligible to hold a Special-Sensitive Level 4 position, and that his assignment as an AUSA posed an unnecessary and unacceptable operational security risk. Am. Compl. ¶ 46; MSPB Op., 118 M.S.P.R. at 437.

---

[1]  Because Plaintiff's Amended Complaint references the MSPB proceedings, and indeed in Count II challenges an MSPB decision, the MSPB's Opinion and Order of August 9, 2012, cited herein, as well as the MSPB decision denying reconsideration (Exhibit A), may be considered by the Court without converting this motion to dismiss to one for summary judgment. *See Norris v. Salazar*, 885 F. Supp. 2d 402, 407 (D.D.C. 2012) ("documents that are referenced in, or are an integral part of, the complaint are deemed not outside the pleadings" for purposes of a 12(b)(6) motion). In addition, this Court may consider matters outside the pleadings in regard to Defendants' jurisdictional arguments, including arguments regarding venue and failure to exhaust. *Isenbarger v. Farmer*, 463 F. Supp. 2d 13, 18 (D.D.C. 2006).

Based on these findings, in October 2008, the United States Attorney proposed to remove

Plaintiff from his position as an AUSA, explaining that "'[i]n order to be qualified for an AUSA

position, [Plaintiff] must maintain eligibility to hold a Special-Sensitive, Level 4 position,'" and

that Plaintiff was no longer eligible for such a position. MSPB Op., 118 M.S.P.R. at 437.

Following a hearing, EOUSA's Chief of Staff and Deputy Director, in Washington, D.C., issued

a decision removing Plaintiff from federal service effective January 16, 2009. *Id.* at 437-38.

### III.   **Plaintiff's MSPB Appeal**

Plaintiff's Amended Complaint does not allege that he exhausted administrative remedies

in regard to anything that occurred prior to his removal, by filing a discrimination complaint with

his office's EEO department. Rather, the Amended Complaint describes Plaintiff's appeal of his

removal before the MSPB, in a petition filed February 11, 2009. Am. Compl. ¶ 48.[2]   An AJ

issued an initial MSPB decision, pursuant to 5 C.F.R. § 1201.111, on October 27, 2009,

considering the two charges – regarding Plaintiff's ineligibility for a Special-Sensitive Level 4

position, and posing an operational security risk – as merged, and upholding the removal

decision in all respects. Am. Compl. ¶ 56; *see* MSPB Op., 118 M.S.P.R. at 441.

Plaintiff then filed a petition for review of the initial decision to the full Board, pursuant

---

[2]  Less than a month after filing his MSPB appeal, while that appeal was still ongoing, Plaintiff also filed suit in this Court, alleging violations of the Privacy Act, 5 U.S.C. § 552a, *see Doe v. Dep't of Justice* ("*Doe I*"), 660 F. Supp. 2d 31, 40 (D.D.C. 2009), and later adding claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. *See Doe I*, 660 F. Supp. 2d at 40 (citing *Doe I* docket, No. 1:09-cv-411-ESH, ECF No. 23). The Court held that Plaintiff had failed to exhaust his administrative remedies as required under 5 U.S.C. § 7703(a)(1) as a prerequisite to seeking judicial review of his Rehabilitation Act claim and that his claim must accordingly be dismissed without prejudice for lack of jurisdiction. *Doe I*, 660 F. Supp. 2d 31, 52 (D.D.C. 2009); *see also* Order of Oct. 6, 2009, *Doe I*, ECF No. 53. The Court further held that Plaintiff's Privacy Act and APA claims failed as a matter of law and therefore dismissed those claims with prejudice. *See Doe I*, 660 F. Supp. 2d at 51, 53.

to 5 C.F.R. § 1201.114. *See* Am. Compl. ¶ 57. The MSPB issued an Opinion and Order in regard

to this petition on August 9, 2012. *Id.* ¶ 58. The MSPB, without ruling on whether the AJ's

merger of charges was proper, held that it was barred from reviewing the merits of the removal

decision because the determination that Plaintiff was not eligible to hold a Special-Sensitive

Level 4 position was a national security determination that is committed to an agency's sole

discretion, as the Supreme Court explained in *Department of Navy v. Egan*, 484 U.S. 518, 527

(1988). MSPB Op., 118 M.S.P.R. at 442. It further recognized that *Egan*'s bar extended to

review of Plaintiff's whistleblower and disability discrimination claims. *Id.* at 453-54.

The MSPB also concluded that DOJ had met the minimum due process requirements

required by *Egan* because it had complied with the notice procedures set forth in 5 U.S.C.

§ 7513. MSPB Op., 118 M.S.P.R. at 444. However, the MSPB then proceeded to consider

whether DOJ had complied with its own regulations, citing the standard set forth in 5 U.S.C.

§ 7701(c)(2)(A), that an agency's decision "may not be sustained" if an employee "shows

harmful error in the application of the agency's procedures in arriving at such decision." MSPB

Op., 118 M.S.P.R. at 445. The MSPB agreed with Plaintiff that DOJ's decision that he was no

longer eligible to hold a Special-Sensitive Level 4 position was subject to review by DOJ's

Access Review Committee ("ARC"), which is authorized to "review all appeals from denials or

revocations of eligibility for access to classified information under Executive Order 12968," 28

C.F.R. § 17.15(a). MSPB Op., 118 M.S.P.R. at 445. The MSPB then concluded that, because

there was no record that allowed it to determine whether the failure to allow ARC review

constituted "harmful error," it was necessary to remand the case to DOJ so that ARC review

could occur. *Id.* at 451. The MSPB thus ordered that the AJ's Initial Decision be vacated, and

that the matter be remanded to DOJ for ARC review; it further ordered that, once DOJ notified

Plaintiff of the ARC's decision, Plaintiff may renew his MSPB petition, but that, except with

respect to the remanded issue of harmful procedural error, the AJ could incorporate by reference

the findings set forth in the AJ's Initial Decision and the MSPB's Opinion and Order, addressing

all other issues that Plaintiff had raised before the MSPB. *Id.* at 454-55.

Plaintiff requested reconsideration of the MSPB's Opinion and Order. However, the

MSPB denied Plaintiff's request on the basis that the MSPB "has not yet issued a final decision"

with respect to Plaintiff's appeal. MSPB Letter of Aug. 30, 2012 (Exhibit A).

## IV.    Plaintiff's Federal Circuit Appeal and Discrimination Claim Waiver

As ordered by the MSPB, DOJ submitted its determination that Plaintiff was no longer

eligible to hold a Special-Sensitive Level 4 position for ARC review. However, rather than

waiting for the ARC's decision, Plaintiff sought to appeal the MSPB's August 9, 2012, Remand

Order by filing a petition for review in the Court of Appeals for the Federal Circuit, pursuant to 5

U.S.C. § 7703(b)(1). *See Doe v. Dep't of Justice* ["*Doe II*"], No. 12-3204 (Fed. Cir. appeal

docketed Sept. 12, 2012). When filing his petition, Plaintiff also filed a "Fed. Cir. R. 15(c)

Statement Concerning Discrimination," in which he affirmed that "[a]ny claim of discrimination

by reason of race, sex, age, national origin, or handicapped condition raised before and decided

by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or

continued in this or any other court." *See Doe II*, ECF No. 8 (Fed. Cir. filed Oct. 4, 2012). This

waiver is now part of the docket transferred from the Federal Circuit to this Court. *See* Fed. Cir.

R. 15(c) Statement, ECF No. 1 (Docket Entry 8 of transferred case), at 6-1.

The Department moved to dismiss Plaintiff's Federal Circuit petition for lack of

jurisdiction because the MSPB had not issued a final decision in his case. *See Doe II*, ECF No.

17. However, the Federal Circuit did not rule on the Department's motion. Instead, it ordered

that Plaintiff's case be transferred to this Court. Citing the Supreme Court's decision in

*Kloeckner v. Solis*, 133 S. Ct. 596 (2012), the Federal Circuit reasoned that, because Plaintiff had

raised a claim of disability discrimination before the MSPB, his case qualified as a mixed case

that should have been filed in federal district court. Order of May 3, 2013, at 2-3, *Doe II*, ECF

No. 38. The Federal Circuit concluded that Defendant would be able to "raise its arguments

regarding the finality of the Board decision in the district court." *Id.* at 3.

## V.      Plaintiff's Complaint in This Case

Plaintiff's Complaint was filed in this action on November 18, 2013.[3]  After Defendants

moved to dismiss, Plaintiff filed an Amended Complaint on February 25, 2014, but the few

cosmetic changes and additions in the new complaint do nothing to bolster his case. Plaintiff

identifies two claims. Count 1 asserts violations by DOJ of the Rehabilitation Act.[4] Am. Compl.

¶¶ 73-80. Plaintiff's original Complaint alleged that "[b]etween June 2008 and January 2009,

---

[3]  Plaintiff initially filed his Complaint in a separate action. This Court subsequently ordered the Complaint transferred to the docket in this action. *See* Order of Nov. 18, 2013, ECF No. 6. The docket in this action, like Plaintiff's Federal Circuit appeal, identified only DOJ as defendant. However, the Complaint identifies three defendants – DOJ; the Honorable Eric H. Holder, Jr., in his official capacity as Attorney General; and the MSPB. The fact that Plaintiff did not name the Attorney General as a defendant in the Federal Circuit action is another indication that he intended to waive any discrimination claim in that filing. *See Norris*, 885 F. Supp. 2d at 413 (under 42 U.S.C. § 2000e-16(c), "head of the department, agency, or unit" is proper defendant in Rehabilitation Act claim). For this reason, among others, Defendants disagree with the Federal Circuit's view that Plaintiff's claim qualified as a "mixed case" that should be transferred to federal district court. In any event, however, as explained below, this District is not the proper venue for any such claims, and Plaintiff's Rehabilitation Act claim is also subject to dismissal for failure to exhaust administrative remedies.

[4]  Plaintiff's original Complaint cited Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which, as explained in Defendants' prior motion to dismiss, is inapplicable to federal employees. Plaintiff's insertion of the phrase "Section 501" in Count I suggests that he has attempted to remedy this defect, but Count I continues to cite 29 U.S.C. § 794 rather than 29 U.S.C. § 791.

AUSAs and other employees of the USAO in the district to which John Doe was assigned intentionally and/or willfully failed to act on John Doe's reasonable accommodation request, and instead demoted him to a [different] unit." Compl. ¶ 68. Plaintiff now asserts that "EOUSA orchestrated a strategy to intentionally and/or willfully regard John Doe's reasonable accommodation request," but he continues to identify "AUSAs and other employees of the USAO" as the ones who "failed to act" in response to his request "to be given a different assignment," and who "illegally discriminated against John Doe by denying him employment on the basis of disability." Am. Compl. ¶ 75. Plaintiff further alleges that DOJ was required to participate in an "Interactive Process" in response to his accommodation request, but instead "EOUSA used the information as a purported basis to strip John Doe of his security clearance eligibility and fire him." *Id.* ¶¶ 76-77. Plaintiff also claims that, after the MSPB issued its remand order, "EOUSA attempted to influence the ARC's review process in order [to] avoid a finding that it had discriminated against John Doe under the Rehabilitation Act." *Id.* ¶ 78.

Count 2 asserts that the MSPB erred by remanding Plaintiff's claim to DOJ for ARC review rather than reversing DOJ's removal decision outright. Am. Compl. ¶¶ 82-93.[5]

---

[5] In addition to the two claims set forth as separate "Counts" in Plaintiff's Amended Complaint, the body of the document makes repeated references to the Privacy Act, 5 U.S.C. § 552a, and to allegedly improper disclosures by DOJ and by the MSPB of private information. *E.g.*, Am. Compl. ¶¶ 4, 37, 38, 45, 49-50, 52. These references apparently relate to the earlier Privacy Act claims that Plaintiff filed in 2009, and that were rejected by this Court. *See Doe I*, 660 F. Supp. 2d at 43-49. Indeed, both the original and the Amended Complaint filed in this case copy these passages verbatim from the complaint filed in the previous action. *See* Second Am. Compl., *Doe I*, ECF No. 23. Because Plaintiff's Privacy Act claims have already been rejected on the merits, any claim based on these allegations of improper disclosure is barred by res judicata. *See Vince v. Mabus*, No. 12-1465, 2013 WL 3815606, at *4 (D.D.C. July 24, 2013) ("Under the doctrine of res judicata, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action."") (citing *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004)). These allegations should therefore be disregarded. *See id.* (any claim based on "the same 'nucleus of facts'" is barred).

14

## VI.     ARC Decision and Plaintiff's New MSPB Appeal

On December 19, 2013, the ARC issued its decision in response to the MSPB's remand. Following the ARC's decision, Plaintiff initiated a new action in the MSPB on January 10, 2014, which remains pending. The Department has moved to dismiss that appeal without prejudice, pending this Court's decision on Defendants' Motion to Dismiss, because Plaintiff in this case has challenged the MSPB's authority to issue a remand. For the reasons set forth below, this district court action should be dismissed. Plaintiff may then proceed with the administrative claims that he has attempted to reinitiate.

## STANDARD OF REVIEW

Defendants argue herein that venue in this Court is improper. When reviewing a motion to dismiss, or in the alternative to transfer, for improper venue under Fed. R. Civ. P. 12(b)(3), a Court "'accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.'" *Crowley v. Napolitano*, 925 F. Supp. 2d 89, 91 (D.D.C. 2013) (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C.2008)). However, the Court need not accept as true inferences that are unsupported by the facts set out in the complaint, and the Court may consider material outside the pleadings. *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 17 (D.D.C. 2013). Ultimately, a plaintiff bears the burden of establishing that venue is proper. *Crowley*, 925 F. Supp. 2d at 91; *cf.* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3826 (2d ed. 1986 & Supp.2006) ( "[W]hen an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue."). Unless there are pertinent disputes of material fact, the analysis of venue "'presents a pure

15

question of law.'" *Crowley*, 925 F. Supp. 2d at 91 (quoting *Williams v. GEICO Corp.*, 792 F.

Supp. 2d 58, 62 (D.D.C.2011)).

Defendants also argue that this Court lacks jurisdiction because Plaintiff has failed to

exhaust his Rehabilitation Act claim, and because Plaintiff lacks standing to assert that claim.

Under Fed. R. Civ. P. 12(b)(1), the court must dismiss any claim over which it lacks subject

matter jurisdiction. Because federal courts are courts of limited jurisdiction, the law presumes

that any claim lies outside this limited jurisdiction, and "the plaintiff bears the burden of

establishing that the court has subject-matter jurisdiction." *Role Models America, Inc. v. Harvey*,

459 F. Supp. 2d 28, 33-34 (D.D.C. 2006); *see also Menifee v. U.S. Dep't of the Interior*, 931 F.

Supp. 2d 149, 157 (D.D.C. 2013). The factual allegations in a plaintiff's complaint "will bear

closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to

state a claim," and material other than these allegations may be considered in determining

whether subject matter jurisdiction exists, "so long as [the court] still accepts the factual

allegations in the complaint as true." *Isenbarger*, 463 F. Supp. 2d at 18.

Defendants also seek dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), based on Plaintiff's

"'failure to state a claim upon which relief can be granted.'" *Brattain v. Alcitepe*, 934 F. Supp. 2d

119, 124 (D.D.C. 2013) (quoting Fed. R. Civ. P. 12(b)(6)). In order to survive a motion to

dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009)). In determining whether dismissal is warranted for failure to state a claim, a

court may consider "'the facts alleged in the complaint, any documents either attached to or

incorporated in the complaint and matters of which [the court] may take judicial notice.'" *Rogers*

*v. Johnson-Norman*, 466 F. Supp. 2d 162, 165 n.3 (D.D.C. 2006) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). "[T]he court must treat the complaint's factual allegations . . . as true and draw all reasonable inferences therefrom in the plaintiff's favor," but "the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Shirk v. Garrow*, 505 F. Supp. 2d 169, 172 (D.D.C. 2007).

## ARGUMENT

I. **BECAUSE PLAINTIFF'S REHABILITATION ACT CLAIM FOCUSES ON THE ACTS OF USAO PERSONNEL IN ANOTHER DISTRICT, VENUE IN THIS COURT IS IMPROPER**

Venue for Plaintiff's claims does not lie in this Court. As noted above, the allegations that Plaintiff asserts in his Amended Complaint in connection with his Rehabilitation Act claim cover actions or failures to act that were committed by "AUSAs and other employees of the USAO" where Plaintiff worked. Am. Compl. ¶ 75. While Plaintiff ostensibly challenges his removal, he fails to allege any discriminatory action on the part of EOUSA's Chief of Staff and Deputy Director, who was the official in Washington, D.C., who issued the removal decision. Rather, Plaintiff claims that it was the "AUSAs and other employees of the USAO" who "failed to act" on his reasonable accommodation request, and "den[ied] him employment on the basis of his disability." *Id.* And while Plaintiff's amended claim now baldly asserts that "EOUSA" was behind these alleged discriminatory acts because it "orchestrated a strategy" to carry them out, *id.*, his allegations as a whole leave no doubt that his Rehabilitation Act claim primarily concerns actions that occurred outside this District.

Because Plaintiff's Rehabilitation Act claim focuses on allegedly discriminatory actions

by individuals at his USAO in another State, venue in this District is improper. As described

above, venue in this case is governed by the special venue provision of the Civil Rights Act, 42

U.S.C. § 2000e–5(f)(3). This provision dictates where a plaintiff may bring a claim under the

Rehabilitation Act, including a Rehabilitation Act claim in a "mixed case." *Varma v. Gutierrez*,

421 F.Supp.2d 110, 114 (D.D.C. 2006) (applying § 2000e–5(f)(3) in mixed case); *Archuleta v.

Sullivan*, 725 F. Supp. 602, 604 (D.D.C. 1989) (citing 29 U.S.C. § 794a(a)(1) as establishing that

Civil Rights Act venue provision applies to Rehabilitation Act claims). Under § 2000e–5(f)(3),

venue lies in any district "in the State in which the unlawful employment practice is alleged to

have been committed"; in the district where "the employment records relevant to such action are

maintained and administered"; or in the district where the plaintiff "would have worked but for

the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3).[6]

Plaintiff's Amended Complaint does not establish that venue is proper in this District. In

regard to the first statutory basis for venue, the discrimination that Plaintiff alleges occurred in

the District where he was employed, not in Washington, D.C. In analyzing the first statutory

basis for venue, courts undertake a "'commonsense appraisal' of events having operative

significance." *McLaughlin*, 864 F. Supp. 2d at 138 (quoting *Darby v. U.S. Dep't of Energy*, 231

F. Supp. 2d 274, 277 (D.D.C. 2002)). Applying such an analysis, this Court has consistently

dismissed or transferred cases brought by former federal employees who were employed at

agency components outside this District at the time of their removal or termination. For example,

in *Archuleta*, the Court transferred a case raising a Rehabilitation Act claim against the Secretary

---

[6] A fourth basis for venue – "the judicial district in which the respondent has his principal office" – is only an option "when the plaintiff is unable to sue the defendant in any of the districts provided for by the first three bases." *McLaughlin v. Holder*, 864 F. Supp. 2d 134, 138 (D.D.C. 2012). Because, as discussed below, Plaintiff could have brought this case in the District where he was employed as an AUSA, this provision cannot be used to establish venue here.

of Health and Human Services to the District of Maryland because "Plaintiff worked for
Defendant in Maryland, the unlawful employment practices alleged by the Plaintiff occurred in
Maryland, and all of her employment records are in Maryland." *See Archuleta*, 725 F. Supp. at
605. Similarly, in *Kloeckner v. Solis*, No. 08-762, 2009 WL 1364641, at *1 (D.D.C. May 15,
2009), the Court transferred a claim brought by a former Labor employee to the Eastern District
of Missouri, the place of her employment. *Id.* at *1; *see also Crowley*, 925 F.Supp.2d at
91-93 (transferring case to New York where the "discrete discriminatory actions" that plaintiff
alleged took place in New York, where she was on detail).

Plaintiff here cannot establish venue on this basis for similar reasons. Plaintiff himself
identifies "AUSAs and other employees of the USAO" where he worked as the ones who
"illegally discriminated" against him by "fail[ing] to act" on his reasonable accommodation
request, and "by denying him employment on the basis of his disability." Am. Compl. ¶ 75.
While the decision to remove Plaintiff was made by an official at EOUSA headquarters in
Washington, D.C., Plaintiff does not allege that this official was involved in any way in the
discriminatory acts that he alleges. Moreover, this Court has previously recognized that the fact
that an agency's central headquarters in Washington, D.C. was involved in the decisionmaking
regarding a plaintiff's termination is not sufficient to make the District the proper venue, when
the allegations of discriminatory conduct focus on actions by individuals in the plaintiff's former
office. *See Slaby v. Holder*, 901 F. Supp. 2d 129, 134 (D.D.C. 2012); *see also Jones v. Hagel*, No.
12-1236, 2013 WL 3893382, at *4 (D.D.C. July 30, 2013) (citing cases establishing that the fact
that the final decision to terminate an employee was made by a higher-level official in the District
did not suggest that venue was proper here).

19

After Defendants raised a venue argument in their previous Motion to Dismiss, Plaintiff has added a new assertion that the alleged discriminatory acts were committed as a result of "EOUSA orchestrat[ing] a strategy" against him. However, the individual in Washington, D.C. that Plaintiff identifies as the "architect of this strategy" was the attorney assigned to represent DOJ in previous administrative proceedings. *See Doe I*, 660 F. Supp. 2d at 39, 46-47. Plaintiff cannot establish venue here based solely on the fact that the USAO where Plaintiff worked had counsel in Washington, D.C., nor on the possibility that that counsel may have advised the USAO on the actions that it undertook. Similarly, the fact that EOUSA counsel participated in the ARC's review process cannot possibly bolster an assertion of venue here. Weighing "the balance of allegedly discriminatory events, including plaintiff's actual termination and every instance of alleged workplace discrimination," *Jones*, 2013 WL 3893382, at *5 (internal quotation omitted), this District is not the location where the alleged discrimination occurred, and venue cannot lie here on that basis.

Plaintiff also cannot establish venue on the second statutory basis – the location of relevant employment records. Plaintiff's personnel records were located at the USAO where Plaintiff was employed – which was not the USAO in Washington, DC but in another State – during the period of his employment. *See* Declaration of Ellen Cook ¶ 3, attached hereto. After Plaintiff's removal, these records were transferred to the National Personnel Records Center in St. Louis, Missouri. *Id.* ¶ 4. Thus, Plaintiff's personnel records are not located in Washington, D.C. *Id.* ¶ 5. While some records relating to Plaintiff's administrative claims before the MSPB may now be in EOUSA headquarters in Washington, D.C., that possibility does not establish venue. *See Herbert*, 925 F. Supp. 2d at 20 -21 (citing cases rejecting the notion that venue could be

established by the location of records used in administrative proceedings);  *McLaughlin*, 864 F.

Supp. 2d at 139 (District of Columbia was not the proper venue even though investigatory files

related to plaintiff's EEOC complaint were located in the District).

Finally, nothing in Plaintiff's Complaint suggests that he would have worked in the

District of Columbia if he had not been removed from his position as an AUSA in another State.

Thus, the Court should dismiss this case for lack of venue, or in the alternative transfer the case

to the State where Plaintiff was employed at the time of his removal.[7]  As discussed below,

however, it would be futile to transfer the case because Plaintiff has failed to satisfy

administrative exhaustion requirements with respect to his Rehabilitation Act challenge to the

pre-removal actions of USAO personnel, Plaintiff lacks standing to assert such a claim, and

Plaintiff has waived any discrimination claim in connection with his removal.

## II.    BECAUSE PLAINTIFF'S REHABILITATION ACT CLAIM CHALLENGES PRE-REMOVAL ACTIONS BY USAO EMPLOYEES, THE CLAIM IS BARRED BY PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

As explained above, Plaintiff's description of his Rehabilitation Act claim in his

Complaint refers to actions that took place in the USAO where Plaintiff was employed,

"[b]etween June 2008 and January 2009." Am. Compl. ¶ 75. Again, Plaintiff does not allege any

discriminatory action on the part of the EOUSA official who issued the removal decision.

Rather, Plaintiff's Rehabilitation Act claim is aimed at actions that occurred prior to his removal.

In particular, Plaintiff focuses on the USAO's alleged failure to provide him with a reasonable

accommodation, in connection with a transfer to another unit that was proposed but never

---

[7]  Venue in this District cannot be predicated on Plaintiff's claim against the MSPB. As described above, appeals from MSPB final decisions must normally be filed in the Federal Circuit. 5 U.S.C. § 7703(b)(1). Plaintiff's claim was transferred to district court only because the Federal Circuit concluded that his case was a "mixed case" because he had raised a claim of disability discrimination before the MSPB. Order of May 3, 2013, *Doe II*, ECF No. 38.

implemented. *See id.* Plaintiff's allegations might also be construed to challenge the USAO's

sending of his psychologist's letter to EOUSA's Personnel Security Section Chief. Both of these

actions are distinct from DOJ's removal decision under D.C. Circuit precedent. *See, e.g.,*

*Rattigan v. Holder*, 643 F.3d 975, 986 (D.C. Cir. 2011), *as modified on rehearing*, 689 F.3d 764

(2012) (analyzing referral to security personnel as separate employment action that must

independently qualify as a "materially adverse action" within the meaning of discrimination

law).[8]  However, Plaintiff's Complaint fails to establish that he has satisfied administrative

exhaustion requirements for these or any other pre-removal claims.

"Federal employees may file a Title VII or Rehabilitation Act action in federal court only

after exhausting their administrative remedies before the relevant federal agency for each

allegedly discriminatory act." *Mahoney*, 824 F. Supp. 2d at 58 (citing *Spinelli*, 446 F.3d at 162).

"A failure to exhaust administrative remedies for Rehabilitation Act claims is a *jurisdictional*

defect, requiring dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Id.* (citing

*Spinelli*, 446 F.3d at 162); *accord Koch v. Walter*, 934 F. Supp. 2d 261, 266 (D.D.C. 2013).

Moreover, a plaintiff has the burden to plead and prove exhaustion for a Rehabilitation Act

claim. *Ellison*, 901 F. Supp. 2d at 124.

Defendants have described above the process for an administrative appeal in a "mixed

case" involving an adverse action appealable to the MSPB, such as Plaintiff's removal. *See* 5

U.S.C. § 7512; 5 C.F.R. § 1201.3(a)(1) (listing the adverse actions that can be appealed to the

MSPB). However, any pre-removal actions that Plaintiff might be seeking to challenge here were

---

[8]  The Rehabilitation Act has its own "adverse action" requirement, which is entirely distinct from the specific statutory enumeration of actions that can be appealed to the MSPB. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008) ("adverse employment action" is "essential element" of employment discrimination claim).

not appealable to the MSPB. *See id.*; *see also, e.g.*, *Tardio v. Dep't of Justice*, 112 M.S.P.R. 371, 380 (2009) (refusing to consider reasonable accommodation claim because "[i]t is well settled that, absent an otherwise appealable action, the Board lacks jurisdiction over discrimination claims").[9] Accordingly, the fact that 120 days have passed since Plaintiff filed his MSPB claim does not serve to exhaust any Rehabilitation Act challenge to such pre-removal actions. *See Ikossi*, 516 F.3d at 1044 (rejecting notion that timely challenge to termination before MSPB was sufficient to exhaust pretermination claims, which require filing complaint with agency's EEO department).

Instead, in order to exhaust a Rehabilitation Act claim based on a pre-removal action, Plaintiff would have been required to follow the procedure set forth in 29 C.F.R. § 1614.105 by "'initiat[ing] contact with a[n] [Equal Employment Opportunity ("EEO")] Counselor [in the EEO department of Plaintiff's office] within 45 days of the date of the matter alleged to be discriminatory.'" *Koch*, 935 F. Supp. 2d at 150 (quoting 29 C.F.R. § 1614.105(a)(1)). If the EEO department had dismissed Plaintiff's claim, he would then have been required either to file an appeal with the EEOC or to file a civil suit within ninety days of the EEO dismissal. *Ikossi*, 516 F.3d at 1044 (citing 42 U.S.C. § 2000e-16(c)). Plaintiff's Complaint does not allege that he went through this process with respect to any pre-removal action that occurred between June 2008 and

---

[9] It is true that Plaintiff purported to bring a Rehabilitation Act claim in his MSPB appeal. The Court should bear in mind, however, that the MSPB never considered Plaintiff's claim in any detail because it concluded that it was barred under *Egan* from reviewing any discrimination claim in connection with Plaintiff's removal, given that the removal decision was based in part on the national security determination that Plaintiff was no longer eligible to hold a Special-Sensitive Level 4 position. *See* MSPB Op., 118 M.S.P.R. at 454. The MSPB thus never had reason to consider whether the Rehabilitation Act claim that Plaintiff sought to assert was otherwise properly before it. Moreover, the contours of the Rehabilitation Act claim that Plaintiff seeks to bring here are defined by the factual allegations in Plaintiff's Amended Complaint, which fail to identify any discriminatory action by the DOJ official who issued the removal decision.

23

January 2009. Accordingly, he has failed to exhaust any Rehabilitation Act claim predicated on such actions. For this reason, Count 1 of Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

### III.   PLAINTIFF LACKS STANDING TO ASSERT A REHABILITATION ACT CLAIM BASED ON A REQUEST NOT TO BE TRANSFERRED BECAUSE NO TRANSFER TOOK PLACE

"A plaintiff bears the burden of establishing his own standing for each claim that he makes." *Schrader v. Holder*, 831 F. Supp. 2d 304, 307 (D.D.C. 2011). To establish standing for a particular claim, a plaintiff must show an "injury-in-fact" in connection with that claim that is both "'(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypoethetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 & n.1 (1992)). The plaintiff must also demonstrate a "causal connection between the injury and the conduct complained of," and the injury must be "redressable by the relief sought in the complaint. *Id.* at 307-08 (quoting *Lujan*, 504 U.S. at 560-61).

Here, Plaintiff's Rehabilitation Act claim focuses on the USAO's alleged failure to grant his request for a reasonable accommodation. *See* Am. Compl. ¶¶ 75-77. Where, as here, the accommodation request was made in regard to a proposed future event, and the potential event that triggered the request never took place, no injury can be identified.[10]   Simply put, Plaintiff

---

[10] To the extent Plaintiff is seeking, through his Rehabilitation Act claim, to challenge the USAO's provision of the letter from his psychologist to EOUSA's Personnel Security Section, *see* Am. Compl. ¶ 77, no such claim is cognizable. The Rehabilitation Act does not provide a right of action for a claim regarding a federal agency's provision of information or material to its security personnel. Indeed, Plaintiff previously brought this precise allegation pursuant to the Privacy Act, rather than the Rehabilitation Act. *See Doe I*, 660 F. Supp. 2d at 44-45. This Court rejected the notion that the USAO solicited medical information from Plaintiff, or disclosed this information to EOUSA's Personnel Security Section, for an improper purpose. *Id.* at 44 (finding "no hint of 'pretext'" in the Accommodation Coordinator's communication of concerns to the Personnel Security Section, and concluding that Plaintiff's contrary assertions were "fanciful at best and

24

cannot identify an injury in connection with this claim because the situation that, in his view, would have required an accommodation never came to pass. The accommodation that Plaintiff requested was that he not be transferred to another litigating unit, and that his office not be moved. *Id.* ¶ 33. While the USAO began considering Plaintiff's request, it never completed that process, nor did it ever issue a decision regarding whether the requested accommodation would be granted. *Id.* ¶ 39. But it also never went forward with the proposed transfer or office move that, in Plaintiff's view, triggered the need for accommodation. Instead, the USAO submitted the information that Plaintiff provided as part of his request to EOUSA's Personnel Security Section, and Plaintiff was ultimately removed from his position. *Id.* ¶¶ 40, 44-46.

In light of that series of events, Plaintiff suffered no injury stemming from the USAO's failure to grant his requested accommodation. To be sure, Plaintiff's removal might qualify as a cognizable injury-in-fact in connection with a challenge to his removal, but Plaintiff's removal cannot plausibly qualify as an injury caused by DOJ's failure to grant his accommodation request. To the contrary, Plaintiff's removal was the reason that DOJ never reached a determination in response to his request.[11]  Plaintiff's reasonable accommodation claim should

---

without support"); *see also id.* at 45-46 ("[I]t cannot seriously be disputed that DOJ security personnel needed to know the contents of plaintiff's records," and "[a]ccordingly, disclosure to the security personnel was not improper."). As explained above, Plaintiff is barred from resurrecting his Privacy Act claim here. Plaintiff is also barred, under the doctrine of issue preclusion, from challenging the factual findings underlying the Court's rejection of his Privacy Act claims. *Brodie v. Jackson*, 954 F.Supp.2d 31, 35 (D.D.C. 2013) (issue preclusion applies when an issue of fact necessary to judgment was contested, submitted for determination, and decided in another case where the same party asserted a different cause of action).

[11]  For similar reasons, Plaintiff's reasonable accommodation claim is also subject to dismissal under Rule 12(b)(6). Such a claim requires a showing that "(1) [the plaintiff] has a disability within the meaning of the statute; (2) the defendant had notice of her disability; (3) she could perform the essential functions of the employment position with or without reasonable accommodation; and (4) the defendant refused to make the accommodation." *Bonnette v. Shinseki*, 907 F. Supp. 2d 54, 77 (D.D.C. 2012). Here, it would be impossible for Plaintiff to make this showing because, as

therefore be dismissed for lack of standing.

## IV.   PLAINTIFF HAS WAIVED THE RIGHT TO PURSUE ANY REHABILITATION ACT CHALLENGE TO HIS REMOVAL

Even if Plaintiff's Rehabilitation Act claim could be read as challenging his removal, it would still be subject to dismissal. As described above, when Plaintiff filed his appeal of the MSPB panel opinion in the Federal Circuit, in connection with his appeal of his removal, Plaintiff expressly waived his right to file a discrimination claim in the Federal Circuit or in "any other court." *See* ECF No. 1, at 6-1 (Docket Entry 8 in *Doe II*). The D.C. Circuit has held that such a waiver effectively precludes a plaintiff from bringing a discrimination claim in this Court. *See Smith v. Horner*, 846 F.2d 1521, 1523-24 (D.C. Cir. 1988) ("We . . . rest our affirmance on the ground that appellant relinquished [a Title VII] cause of action when he responded to the Federal Circuit's Clerk's letter that he was not also asserting a discrimination claim."); *see also Otiji v. Heyman*, 47 F. Supp. 2d 6, 7 (D.D.C. 1998) ("I have no difficulty in finding that the [Federal Circuit form] [resulted in] a valid waiver of [the plaintiff's] right to proceed in U.S. District Court."). While the Federal Circuit held that the Supreme Court's decision in *Kloeckner* prevented it from hearing Plaintiff's claim, Plaintiff's appeal in the Federal Circuit was filed before the Supreme Court issued its decision in *Kloeckner*. There is therefore no question that Plaintiff voluntarily waived his right to pursue a discrimination claim when he filed the Federal Circuit waiver form, and nothing in the Supreme Court's decision in *Kloeckner* requires this Court to deem that waiver ineffective in the face of a controlling D.C. Circuit opinion to the contrary. Indeed, *Kloeckner* did not involve a case filed in the Federal Circuit, so no such waiver

Plaintiff acknowledges, DOJ never "refused" to make a reasonable accommodation in connection with the proposed transfer of Plaintiff to another unit. Rather, as explained, DOJ did not go forward with the proposed transfer because an intervening security concern led to Plaintiff's removal.

form had been filed in that case. To the extent Plaintiff attempts to characterize his Rehabilitation

Act claim as a challenge to his removal, it should be dismissed as waived.

## V.     PLAINTIFF'S CLAIM AGAINST THE MSPB IS IMPROPER AND MISCHARACTERIZES THE MSPB'S DECISION

Plaintiff's claim against the MSPB in Count 2 of his Complaint must also be dismissed.

Plaintiff challenges the August 9, 2012, Order by the MSPB, remanding his removal to DOJ so

that the decision to withdraw his eligibility for a Special-Sensitive Level 4 position could be

reviewed by the ARC. An employee who is "adversely affected or aggrieved by a final order or

decision" of the MSPB may obtain judicial review. 5 U.S.C. § 7703(a)(1). Here, however, there is

no final MSPB decision. Instead, the MSPB remanded Plaintiff's claim to DOJ while indicating

that Plaintiff could return to the MSPB after further proceedings had occurred at the agency level.

MSPB Op., 118 M.S.P.R. at 455. In effect, the MSPB held the prospect of a "final decision" in

abeyance until these further agency proceedings had concluded. Thus, when Plaintiff sought

reconsideration of the MSPB's remand order, the MSPB responded that it lacked jurisdiction to

consider Plaintiff's request because it had not yet issued a final decision. *See* MSPB, Letter of

Aug. 30, 2012 (Exhibit A) ("As set forth in th[e] order [of August 9, 2012], the Board has not yet

issued a final decision in the above-referenced matter.").

This conclusion would apply even if Plaintiff could validly bring a Rehabilitation Act

claim in this forum on the ground that 120 days had passed since Plaintiff filed his original MSPB

appeal. *See* 5 U.S.C. § 7702(e)(1)(B); 29 C.F.R. § 1614.310(h). In that event, the scope of

Plaintiff's claim would still be limited to that available under 42 U.S.C. § 2000e-16(c). In other

words, "in a 7702(e) action, an appellant is not seeking review of a final Board decision, but is

instead seeking judicial enforcement of the discrimination claims which were part of the mixed

case pending before the Board." *Lynch v. FDIC*, 60 M.S.P.R. 447, 449 (1994) (citing *Mays v. U.S. Postal Serv.*, 995 F.2d 1056, 1059-60 (Fed. Cir. 1993)). In such an instance, the MSPB would not be a proper defendant. Rather, under 42 U.S.C. § 2000e-16(c), the only proper defendant would be "the head of the department, agency, or unit" that was the plaintiff's employer. *See Delbert*, 923 F. Supp. 2d at 259; *Davis*, 919 F. Supp. 2d at 16.

Not only does Plaintiff improperly name the MSPB as a defendant here, but this is also simply not a situation where Plaintiff seeks to challenge the same agency decision on both discrimination and nondiscrimination grounds.[12] Plaintiff's Complaint does not raise a claim against his former employer, DOJ, on any basis other than the Rehabilitation Act. At the same time, Plaintiff attempts to raise a separate challenge to a nonfinal MSPB decision, based on the MSPB's prior consideration of a nondiscrimination claim that Plaintiff raised in that forum but does not independently assert here. In effect, Plaintiff is trying to have it both ways – requiring this Court to adopt the parts of the MSPB's decision that he likes while challenging the parts that he does not like – all without waiting for the MSPB to issue a final decision on the issue. Plaintiff cannot proceed in this manner. Because § 7702(e) "does not authorize an action for judicial review of a Board decision," *Lynch*, 60 M.S.P.R. at 449, the "final decision" requirement of 5 U.SC. § 7703(a)(1) remains a prerequisite to judicial review of any MSPB order. Indeed, given that review of MSPB decisions must be based on the administrative record and subject to the

---

[12] For example, in a situation where a plaintiff brings a discrimination claim in a mixed case appeal in district court pursuant to § 7702(e)(1)(B) after the 120-day period, the D.C. Circuit has held that the plaintiff may challenge his termination on nondiscrimination grounds as well, though the district court may exercise its discretion to stay such claims until the MSPB issues its decision, in order to allow the MSPB to address issues on which it may have greater expertise. *Ikossi*, 516 F.3d at 1043-44. The Court would then review the MSPB's final decision based on the administrative record. *See Barnes v. Small*, 840 F.2d 972, 979 (D.C. Cir. 1988).

deferential standard of review set forth in 5 U.S.C. § 7703(c), *see Barnes*, 840 F.2d at 979, it makes sense that the Court should defer review until a final decision is issued.

Moreover, in the absence of an adverse final decision, Plaintiff cannot claim to have been "adversely affected or aggrieved" by the MSPB, as also required by § 7703(a)(1). *Vinieratos v. United States*, 939 F.2d 762, 774 (9th Cir. 1991). Certainly, the prospect of such an adverse decision is unclear at this point, given that the ARC has now issued a decision favorable to Plaintiff in response to the MSPB's remand, and Plaintiff has attempted to initiate further proceedings in the MSPB. Plaintiff's challenge to the MSPB remand order should therefore be dismissed.[13]

Even if the Court were to review the merits of Plaintiff's challenge to the MSPB Remand Order of August 9, 2012, that challenge should be rejected. To the extent the Court reviews the MSPB decision, it should uphold the MSPB's conclusions unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 7703(c). Moreover, the MSPB is entitled to considerable deference in the interpretation of the regulations that govern its own proceedings. *Auer v. Robbins*, 519 U.S. 452, 461-62 (1997).

Plaintiff cannot show that the MSPB's decision to remand his claim rather than reverse his removal was arbitrary, capricious, or not in accordance with law. Plaintiff's argument rests on the notion that the MSPB found that Plaintiff's removal was "not in accordance with law" under the regulation that sets forth a claimant's burden of proof before the MSPB, 5 C.F.R. § 1201.56(b)(3). Compl. ¶ 82. However, this suggestion mischaracterizes the MSPB's analysis. The MSPB properly recognized that the substance of DOJ's removal decision, based on the underlying decision that Plaintiff was no longer eligible to hold a Special-Sensitive Level 4 position, was

---

[13] Even if the Court declines to dismiss Plaintiff's challenge to a nonfinal MSPB decision, it should at least stay consideration of this claim until the MSPB does issue a final decision.

unreviewable under *Egan*. MSPB Op., 118 M.S.P.R. at 442-43. The MSPB further concluded that DOJ had met constitutional due process requirements, and the procedural requirements set forth in 5 U.S.C. § 7513, by providing Plaintiff with "advance written notice of the charges and a reasonable amount of time to make an informed reply, by considering [Plaintiff's] response before issuing its decision, and by providing the reasons for that decision." MSPB Op., 118 M.S.P.R. at 444.

The only error that the MSPB identified was a procedural error in following DOJ's own regulations, by not submitting the eligibility decision for ARC review.[14] *Id.* at 450. Contrary to Plaintiff's characterization, then, the violation that the MSPB found is one that would potentially fall under 5 C.F.R. § 1201.56(b)(1), not § 1201.56(b)(3). But as the MSPB observed, "an agency's procedural error does not warrant reversal of an employee's removal unless the employee has shown that the error was harmful under 5 U.S.C. § 7701(c)(2)(A)." MSPB Op., 118 M.S.P.R. at 450-51 (recognizing that Plaintiff bears the burden of proving harm). Because there was no evidence before the MSPB upon which a finding of harm could be based, the MSPB determined that the appropriate course of action was to remand Plaintiff's claim for further proceedings at the agency level, in order to determine whether the absence of ARC review in fact constituted harmful error. *Id.* at 451. Given that the MSPB did not determine that DOJ had committed harmful error in the application of its procedures, there was no basis for reversing DOJ's removal decision under 5 C.F.R. § 1201.56(b). Plaintiff therefore cannot show the MSPB's decision on this issue was

---

[14]  For the record, the Department of Justice defendants note that they do not concede that the MSPB's conclusion that there was procedural error was correct. However, given the posture of Plaintiff's claim, as explained above, Defendants do not address the substance of that conclusion here.

arbitrary, capricious, or not in accordance with law, and he thus fails to state a claim against the

MSPB upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims should be dismissed in their entirety.

March 14, 2014                                 Respectfully submitted,

STUART F. DELERY
Assistant Attorney General
RONALD C. MACHEN JR.
United States Attorney
SUSAN K. RUDY
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC   20530
Tel.   (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*