IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 1:13-cv-992 (KBJ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S NOTICE OF FILING EXHIBIT**

On March 19, 2014, Plaintiff filed a supplemental exhibit in connection with Defendants' Motion to Disallow Use of Pseudonym, which was otherwise fully briefed with the filing of Defendants' Reply on March 14, 2014. Plaintiff's exhibit consists of an article that, according to Plaintiff, "describes how the [Department of Justice ("DOJ" or "Department")] routinely and systematically keeps its own attorneys' identities private even in cases of reckless or intentional misconduct by those attorneys." Pl. Notice at 1. Plaintiff argues that this article demonstrates that Defendants' Motion to Disallow reflects an "arbitrary and contradictory position in actively seeking publication of [Plaintiff's] identity." *Id.* at 2.

Contrary to Plaintiff's suggestion, even if the Department does not publish the names of individuals who are the subjects of internal disciplinary action, that would have no relevance to the standards applicable to an individual bringing a lawsuit in federal court. As explained in the briefing in support of Defendants' Motion, there is no doubt that plaintiffs filing claims in federal court are normally required to file suit using their real names. Nor is there any doubt that former or current Assistant United States Attorneys ("AUSAs"), as well as other DOJ attorneys, who have filed such claims in court against the Department have typically done so using their real

names. *See, e.g.*, *Mitchell v. MSPB*, 741 F.3d 81, 82 -83 (Fed. Cir. 2014) (former AUSA challenging removal); *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 95 (D.C. Cir. 2012) (former AUSA raising First Amendment, Administrative Procedure Act, and Privacy Act claims); *Winchester v. OPM*, No. 2011-3074, 2011 WL 5865427, at *1 (Fed. Cir. Nov. 22, 2011) (former AUSA challenging denial of disability retirement benefits); *Carver v. Holder*, 606 F.3d 690, 691 (9th Cir. 2010) (former AUSA raising age discrimination claim); *Sasse v. U.S. Dep't of Labor*, 409 F.3d 773, 777 (6th Cir. 2005) (AUSA raising whistleblower retaliation claim); *Fishkin v. Gonzales*, No. 03-56263, 2005 WL 660350, at *1 (9th Cir. Mar. 10, 2005) (former AUSA raising discrimination claims); *Tolen v. Ashcroft*, 377 F.3d 879, 881 (8th Cir. 2004) (former AUSA raising racial discrimination and retaliation claims); *Stewart v. Ashcroft*, 352 F.3d 422, 423-424 (D.C. Cir. 2003) (Senior Litigation Counsel in DOJ's Environmental Crimes Section raising racial discrimination claim); *Primes v. Reno*, 190 F.3d 765, 765 (6th Cir. 1999) (AUSA raising racial discrimination claim); *Kempker-Cloyd v. Reno*, No. 98-1999, 1999 WL 1111486, at *1 (6th Cir. Nov. 22, 1999) (AUSA raising sexual harassment and retaliation claims); *Tesanovich v. Dep't of Justice*, No. 97-3269, 1998 WL 45451, 1 (Fed. Cir. Feb. 6, 1998) (former AUSA challenging unsatisfactory performance appraisal and removal); *Hudson v. Reno*, 130 F.3d 1193, 1196 (6th Cir. 1997) (former AUSA raising sex discrimination and retaliation claims); *Bobula v. U.S. Dep't of Justice*, 970 F.2d 854, 856 (Fed. Cir. 1992) (AUSA raising breach-of-settlement claim); *Twist v. Meese*, 854 F.2d 1421, 1422 (D.C. Cir. 1988) (former DOJ trial attorney challenging termination on First and Fifth Amendment grounds); *Fagg v. Holder*, No. 12-4029, 2013 WL 6511864, at *1 (N.D. Iowa Dec. 12, 2013) (former AUSA raising age discrimination and retaliation claims); *Milanes v. Holder*, 264 F.R.D. 1, 3 (D.D.C. 2009) (former AUSA raising gender and disability discrimination, hostile work environment, and retaliation

claims); *Mansfield v. Holder*, No. 09-5718, 2012 WL 406432, at * 1 (E.D. Pa. Feb. 9, 2012) (former AUSA challenging removal based on age and disability discrimination and retaliation); *Spelke v. Gonzales*, 516 F. Supp. 2d 76, 77 (D.D.C. 2007) (federal prosecutor rejected for AUSA position, raising age and disability discrimination claims); *see also Kapche v. Holder*, 677 F.3d 454, 458 (D.C. Cir. 2012) (rejected applicant to FBI special agent position raising disability discrimination claim); *Lassiter v. Reno*, No. 95-2058, 1996 WL 281933, at *1 (4th Cir. May 29, 1996) (former Deputy U.S. Marshal raising disability discrimination claim); *Farrell v. U.S. Dep't of Justice*, 910 F. Supp. 615, 617 (M.D. Fla. 1995) (Deputy U.S. Marshal raising disability discrimination and retaliation claims). Plaintiff's supplemental exhibit should be disregarded, as should his insinuation that Defendants' Motion is somehow inappropriate for seeking to hold Plaintiff to the standards that govern litigants in federal court.

March 26, 2014                              Respectfully submitted,

                                            STUART F. DELERY
                                            Assistant Attorney General
                                            RONALD C. MACHEN JR.
                                            United States Attorney
                                            SUSAN K. RUDY
                                            Assistant Director, Federal Programs Branch

                                            /s/ Kathryn L. Wyer
                                            KATHRYN L. WYER
                                            U.S. Department of Justice, Civil Division
                                            20 Massachusetts Avenue, N.W.
                                            Washington, DC   20530
                                            Tel.   (202) 616-8475 / Fax (202) 616-8470
                                            kathryn.wyer@usdoj.gov
                                            *Attorneys for Defendants*